UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANNIE TOVARES,<br><br>    Plaintiff,<br><br> vs.<br><br>GALLAGHER BASSETT SERVICES, INC., PRAETORIAN INSURANCE COMPANY,<br><br>    Defendants. | 5:16-CV-05051-JLV<br><br>REPORT AND RECOMMENDATION |

**INTRODUCTION**

  This is a diversity action under 28 U.S.C § 1332, wherein the Plaintiff Annie Tovares ("Tovares") alleges bad faith and misrepresentation pursuant to SDCL § 58-33-5. Defendants (hereinafter collectively referred to as "Gallagher Bassett/Praetorian") move the court to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (Dockets 11, 12). Tovares opposes the motion. (Docket 15).

**BACKGROUND**

  In the light most favorable to Tovares, the nonmoving party, the pertinent facts are as follows:

  Tovares was working at Menards when she fell, sustaining an injury. Her employer had actual notice of the fall which was recorded on one of its security cameras. As a result of her injury, she incurred medical bills totaling

1

approximately $2,900.  Tovares made a claim for worker's compensation benefits.  Gallagher Bassett/Praetorian denied the claim in a letter dated April 30, 2014, stating "we are in receipt of your claim for Worker's Compensation benefits due to an *alleged* injury from an *alleged* accident on or around 3/19/2014.  We have investigated this claim and found no evidence to support your claim for benefits under South Dakota Worker's Compensation provision."

Tovares was forced to obtain a loan to pay her outstanding medical bills.  Tovares also retained an attorney to represent her.  Gallagher Bassett/Praetorian refused to provide a copy of the video of the fall.  Counsel for Tovares filed a Petition for Hearing with the Department of Labor.  Thereafter, Gallagher Bassett/Praetorian made payment in the amount of $3,225.12 and Tovares dismissed her Petition for Hearing.  Tovares incurred attorney's fees of 25% of her recovery ($806.28) as a result of Gallagher Bassett/Praetorian's unreasonable denial of her claim for worker's compensation benefits.

## DISCUSSION

A. **Amount in Controversy Requirement**

"Federal courts are courts of limited jurisdiction," adjudicating only those suits arising under the Constitution and laws of the United States or suits between citizens of different states.  Kokkonen v. Guardian Life Ins. Co, 511 U.S. 375, 377 (1994).  "Subject matter jurisdiction. . .is a threshold requirement which must be assured in every federal case."  Turner v. Armontrout, 922 F.2d 492, 493 (8th Cir. 1991).

2

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. 12(b)(1) challenges the court's authority and competence to hear the case pending before it.  5B Charles A. Wright & Arthur R. Miller, Fed. Practice & Procedure, § 1350, at 64 (3d ed. 2004); Yankton Sioux Tribe v. United States Army Corps of Engineers, 194 F. Supp. 2d 977, 983 (D.S.D. 2002).

Tovares relies on this court's diversity jurisdiction as the basis for bringing this action in federal court.  See 28 U.S.C. § 1332.  Under § 1332, a plaintiff must show diverse citizenship of the parties (a fact not in issue in this case), and an amount in controversy exceeding $75,000, exclusive of interest and costs.  Id.

A general statement from the plaintiff that the amount exceeds $75,000 is sufficient, unless that assertion is challenged by the opposing party through a Rule 12(b)(1) motion. 14B Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Practice & Procedure:  Jurisdiction 3d, § 3702, at 31 (1998).Gibbs v. Buck, 307 U.S. 66, 72 (1939).  Once the amount in controversy has been challenged, the party invoking the district court's jurisdiction has the burden of establishing the existence of jurisdiction by a preponderance of the evidence. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010).  In a diversity case, if the plaintiff has claimed damages that meet or exceed the jurisdictional minimum, the lawsuit must not be dismissed for lack of jurisdiction unless it appears "to a legal certainty" that

the claim is really for less than the jurisdictional minimum. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 288–89, (1938).

The Supreme Court has set forth what is termed the "legal certainty" test for determining whether the amount in controversy has been met.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. . . . [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

St. Paul, 303 U.S. 283, 288-89 (1938). "Under this 'legal certainty' test, however, '[a]bsolute certainty . . . is not required.'" Jordan v. State Auto Insurance Companies, Civ. No. 16-4053, 2016 WL 7235688 (D.S.D. Dec. 13, 2016)(quoting Hedberg v. State Farm Mut. Auto. Ins. Co., 350 F.2d 924 (8th Cir. 1965). "When the pleadings are inconclusive as to the amount in controversy, federal courts may look to other evidence in the record." Dupraz v. Aventis CropScience USA Holding, Inc., 153 F.Supp.2d 1102 (D.S.D. 2001).

The court must look to the legal rights of the parties to damages as established by law, not conjectural amounts. See Allison v. Sec. Benefits Life Ins. Co., 980 F.2d 1213, 1214–16 (8th Cir. 1992) (court disregarded amount of claim for punitive damages where plaintiffs had asserted a claim for such damages, but were not entitled to punitive damages under the law); see also

Sanders v. Hiser, 479 F.2d 71, 73–75 (8th Cir. 1973) (court evaluated the amount in controversy by looking to the damages plaintiff was actually entitled to recover under the law, rather than relying on the amount plaintiff sought in the complaint).

Any evaluation of the amount in controversy in this case starts with the requirement that the amount in controversy cannot include fees and costs. See 28 U.S.C. § 1332(a). Thus, the court does not consider any potential award of costs, disbursements, or prejudgment interest in determining the amount in controversy.

In the Complaint and Affidavit of Annie Tovares (Docket 15-1), Tovares has alleged an unspecified amount of damages which includes the following: special damages for interest incurred as a result of obtaining a loan to pay approximately $2,900 in medical bills; emotional distress damages, punitive damages, and attorney's fees. Gallagher Bassett/Praetorian argues that these damages do not exceed the jurisdictional minimum.

### 1. Emotional distress damages

Tovares did not specify in her Complaint or Affidavit an amount attributable to her emotional distress damages. Instead, she describes her emotional damages as stress associated with hiring an attorney, financial strains, an implication that she was lying about the injury, having to testify, and whether she would lose her job for filing suit against her employer. "An award of damages for emotional distress must be supported by competent evidence of genuine issue." Forshee v. Waterloo Industries, Inc., 178 F.3d 527,

5

531 (8th Cir. 1999). Generally, courts look to cases with factually similar situations to determine whether the plaintiff could receive the claimed emotional distress award. Tovares cites the District of South Dakota bad faith case, Torres v. Travelers, Civ. No., 01-5056, in support of the proposition that she could receive an award in excess of $75,000 for emotional distress. Gallagher Bassett/Praetorian argues that Torres is unavailing. This court disagrees with Gallaher Basset/Praetorian. As noted by Judge Piersol, "In order to determine whether a plaintiff could receive a claimed emotional distress award, courts look to the factual similarity of the claims handling process. The facts of the underlying claims need not be factually similar." Jordan, 2016 WL 7235688 at ¶3.[1] In Torres, the plaintiff had a pecuniary loss of approximately $8,600. (Civ. No. 01-5056, Docket 327), yet the jury awarded $60,000 in compensatory damages which included emotional damages similar to those complained of by Tovares. This court finds that a jury could legally conclude that Tovares suffered emotional damages in excess of the jurisdictional minimum.

---

[1] In Jordan, the plaintiffs brought a suit against their insurer, State Auto, including a bad faith claim. The Complaint asserts that State Auto failed to pay the full damage of the Jordan's hail damaged roof. Jordan's suffered only $10,682,29 in contractual damage. State Auto moved to dismiss on the grounds that the amount in controversy did not exceed $75,000. Judge Piersol denied the motion, holding, "While the contractual damage claim alone would not satisfy the jurisdictional minimum for diversity purposes, the contract damage claim, combine with claims for emotional distress damages, punitive damages, and attorney's fees, collectively satisfy the jurisdictional requirement." 2016 WL 7235688 at ¶4.

### 2. Punitive damages

"Punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the amount in controversy requirement has been met." Jordan v. State Auto Insurance Companies, Civ. No. 16-4053, 2016 WL 7235688, ¶3 (D.S.D. Dec. 13, 2016)(quoting 14AA Federal Practice and Procedure § 3702.5 (4th ed.)).  South Dakota law allows "[a]n insured [to] seek punitive damages from her insurer when prosecuting a bad faith action." Biegler v. American Family Mut. Ins. Co., 621 N.W.2d 592, 604 (S.D. 2001). In Torres, a jury awarded the plaintiff in excess of $10 million dollars on the claim described above. Tovares has alleged in her complaint that Gallagher Bassett/Praetorian acted with knowledge of a lack of a reasonable basis, or reckless disregard for the lack of a reasonable basis and acted with fraud, malice, or oppression.  Here, this Court finds that Tovares has alleged sufficient facts to support a punitive damages claim, which could exceed the jurisdictional minimum.

### 3. Attorney's fees

"Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction." Crawford v. F. Hoffman-La-Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001).  At this point in the proceedings, Tovares need only show that it is not legally impossible for her to recover more than $75,000.  Tovares makes a claim for attorney's fees pursuant to SDCL § 58-12-3.  Praetorian argues that "Plaintiff can make no claim that any defendant 'misrepresented

the terms of any policy' or the 'benefits or advantages promised' such that South Dakota's Unfair Trade Practices statutory scheme would be implicated." (Docket 17, p. 6). On the contrary, Tovares alleges that Gallagher's denial letter of April 30, 2014, misrepresentation of benefits available to her. (Docket 1, p. 7). Here, this Court finds that Tovares has alleged sufficient facts to show it is not legally impossible to recover attorney's fees which could exceed the jurisdictional minimum.

## CONCLUSION

This court finds that Tovares has succeeded in showing, by a preponderance of the evidence, that the amount in controversy requirement in this case has been met. It is respectfully recommended that the Defendants' motion to dismiss be denied.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court. *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990); *Nash v. Black*, 781 F.2d 665 (8th Cir. 1986).

DATED this 30th day of March, 2017.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge