UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ANNIE TOVARES,<br><br>                    Plaintiff,<br><br>     vs.<br><br>GALLAGHER BASSETT SERVICES,<br>INC., AND PRAETORIAN INSURANCE<br>COMPANY,<br><br>                    Defendants. | CIV. 16-5051-JLV<br><br>ORDER |

## INTRODUCTION

Plaintiff Annie Tovares filed an action against the defendants Gallagher Bassett Services, Inc., and Praetorian Insurance Company alleging bad faith and misrepresentation in violation of South Dakota law.   (Docket 1).   The complaint also seeks attorney's fees and punitive damages.   Id.   The defendants separately filed motions to dismiss the complaint pursuant to Fed. R. Civ. 12(b)(1), asserting plaintiff's damages would not exceed the jurisdictional threshold of $75,000 required by 28 U.S.C. § 1332(a).   (Dockets 11 & 12). Plaintiff resists the motions.[1]   (Docket 15).   Defendants' motions were referred to United States Magistrate Judge Daneta Wollmann pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of March 9, 2015.   Magistrate Judge Wollmann issued a report and recommendation ("R&R") concluding the court should deny defendants' motions to dismiss.   (Docket 25 at p. 8).   Defendant Praetorian Insurance Company ("Praetorian") timely filed objections to

---

[1]Plaintiff later filed a motion to file supplemental authority.   (Docket 18).

Magistrate Judge Wollmann's R&R. (Docket 26). Plaintiff filed a response to those objections. (Docket 27).

The court reviews *de novo* those portions of the report and recommendation which are the subject of objections. Thompson v. Nix, 897 F.2d 356, 357-58 (8th Cir. 1990); 28 U.S.C. § 636(b)(1). The court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The court completed a *de novo* review of those portions of the R&R to which objections were filed. The court finds the magistrate judge's report and recommendation is an appropriate application of the law to the issue presented by the parties. For the reasons stated below, the defendant's objections are overruled and the report and recommendation of the magistrate judge is adopted as amended.

## DEFENDANT'S OBJECTIONS

Defendant Praetorian Insurance Company's objections to the report and recommendation are summarized as follows:

1.    The magistrate judge erred when she emphasized the word "alleged." (Docket 26 ¶ 1).

2.    The magistrate judge erred when she included Praetorian as being involved in the denial of the claim letter sent to plaintiff. Id.

3.    The magistrate judge erred when she used the emphasized language as supportive of plaintiff's claims. Id. ¶ 2.

4.    The magistrate judge erred when she stated Praetorian had access to the video of plaintiff's fall and refused to provide a copy to plaintiff's counsel. Id. ¶ 3.

5.     The magistrate judge erred when she stated Praetorian made the payment of $3,225.12 to plaintiff, or that an agency relationship existed with Gallagher Bassett Services, Inc. ("Gallagher").   <u>Id.</u> ¶ 4.

6.     The magistrate judge erred when she stated Ms. Tovares incurred $806.28 in attorney's fees based on Praetorian's unreasonable denial of the claim for benefits.   <u>Id.</u> ¶ 5.

7.     The magistrate judge erred when she stated the denial of benefits was unreasonable.   <u>Id.</u>

8.     The magistrate judge erred when she referenced <u>Forshee v. Waterloo Industries, Inc.</u>, 178 F.3d 527, 531 (8th Circuit 1999), in support of the analysis of plaintiff's emotional distress damages claim.   <u>Id.</u> ¶ 6.

9.     The magistrate judge erred when she referenced <u>Jordan v. State Auto Insurance Companies</u>, CIV 16-4053, 2016 WL 7235688 (D.S.D. December 13, 2016), in support of plaintiff's claims.   <u>Id.</u> ¶ 7.

10.    The magistrate judge erred when she referenced <u>Torres v. Travelers</u>, CIV. No. 01-5056 (D.S.D. 2001), in support of plaintiff's claims.   Id. ¶ 8.

11.    The magistrate judge erred when she found plaintiff alleged facts to support her punitive damages claim so as to exceed the jurisdictional minimum.   <u>Id.</u> ¶ 9.

12.    The magistrate judge erred when she relied on SDCL § 58-12-3 to conclude plaintiff would be entitled to attorney's fees which would count toward the jurisdictional minimum.   <u>Id.</u> ¶ 10.

13.    The magistrate judge erred when she relied on SDCL § 58-33-5, because the attorney's fees of $806.28 were already incurred and cannot support the jurisdictional minimum.   <u>Id.</u> ¶ 11.

**ANALYSIS**

Ms. Tovares filed her complaint as a diversity action pursuant to 28 U.S.C. § 1332. (Docket 1 ¶ 5). For a case to qualify as a diversity action plaintiff must satisfy two elements: (1) that the parties are "citizens of different States"; and (2) that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Defendants move to dismiss the complaint pursuant to Fed. R. Civ. 12(b)(1), asserting plaintiff's damages cannot meet the $75,000 requirement of § 1332(a). (Dockets 11 & 12).

Under a Rule 12(b)(1) motion to dismiss, a defendant has the right to challenge the "lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." <u>Great Rivers Habitat Alliance v. Federal Emergency Management Agency</u>, 615 F.3d 985, 988 (8th Cir. 2010). The court "has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). . . . This does not . . . convert the 12(b)(1) motion to one for summary judgment." <u>Harris v. P.A.M. Transp., Inc.</u>, 339 F.3d 635, 638 (8th Cir. 2003). "The district court may take judicial notice of public records and may thus consider them on a [Rule 12(b)(1)] motion to dismiss." <u>Stahl v. U.S. Department of Agriculture</u>, 327 F.3d 697, 700 (8th Cir. 2003).

The Supreme Court instructed trial courts to apply the "legal certainty" test to determine whether the amount in controversy element has been met.

> The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. . . . [I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed. Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction.

St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

Plaintiff's statement in the complaint that her damages exceed $75,000 is adequate, unless that declaration is challenged by the opposing party through a Rule 12(b)(1) motion. Scottsdale Ins. Co. v. Universal Crop Protection Alliance, LLC, 620 F.3d 926, 931 (8th Cir. 2010). If a challenge is made, plaintiff must prove the jurisdictional amount in controversy by a preponderance of the evidence. Id. "When the pleadings are inconclusive to establish the amount in controversy, [the court] may look to other evidence in the record." Dupraz v. Aventis CropScience USA Holding, Inc., 153 F. Supp. 2d 1102, 1104 (D.S.D. 2001).

At this point in the litigation, defendants have not answered the complaint and their Rule 12(b)(1) motions challenge only the $75,000 damages threshold required by § 1332(a). For purposes of resolving defendants' motions only, the

allegations of the complaint are deemed true.   <u>Great Rivers Habitat Alliance</u>, 615 F.3d at 988.   Those facts are as follows.

Praetorian issued a worker's compensation insurance policy to Ms. Tovares' employer, Menard, Inc. ("Menards").   (Docket 1 ¶ 6).   Praetorian delegated its claim administration services to Gallagher.   <u>Id.</u> ¶ 7.   Both defendants understood that Praetorian would act as the principal and Gallagher would act as Praetorian's agent in performing claim administration duties.   <u>Id.</u> ¶ 8.   Those duties included good faith and fair dealing, processing paperwork relating to claims, investigating claims, obtaining medical reports, monitoring treatment, verifying coverage, adjusting, settling and defending claims and issuing checks for payment of benefits.   <u>Id.</u>   Gallagher performed all claim administration services for claims submitted under Menards' worker's compensation policy, including Ms. Tovares' claim.   <u>Id.</u> ¶¶ 9-10.   Gallagher knew it had the duty to handle claims in good faith and Praetorian knew it would remain responsible for Gallagher's violations of that duty.   <u>Id.</u> ¶¶ 11 & 12.

On March 19, 2014, while working at Menards in Rapid City South Dakota, Ms. Tavares fell sideways and landed hard on a concrete floor, bruising her left hip and arm.   <u>Id.</u> ¶ 13.   Menards received actual notice of her fall and the incident was recorded on one of its security cameras.   <u>Id.</u> ¶ 14.

Over the next week, Ms. Tovares began experiencing intermittent ringing in her ears, blurry vision, light-headedness and headaches.   <u>Id.</u> ¶ 15.   On

March 26, 2014, she went to the Rapid City Regional Hospital emergency room. Id. After obtaining her history of the work-related fall, the attending physician prescribed a CT scan of Ms. Tovares' head in order to rule out the presence of internal bleeding or other brain injuries. Id. ¶ 16. The CT scan was negative for internal bleeding. Id. ¶ 17. Her attending physician noted the "most likely cause of her symptoms is . . . [her] head injury." Id. ¶ 18. Ms. Torvares was referred to an eye doctor to address her blurry vision. Id. ¶ 19. The eye examination disclosed no optical injuries. Id. ¶ 21.[2] The bills for the emergency room and the eye doctor totaled approximately $2,900 and were submitted to Gallagher, as Praetorian's agent. Id. ¶¶ 21 & 22.

On April 30, 2014, Gallagher wrote to Ms. Tovares stating "we are in receipt of your claim for Worker's Compensation benefits due to an *alleged* injury from an *alleged* accident on or around 3/19/2014. We have investigated this claim and found no evidence to support your claim for benefits under South Dakota Worker's Compensation provisions." Id. ¶ 24 (emphasis in complaint). As the result of Gallagher's failure to pay the medical bills, Ms. Tovares was forced to take out a loan to pay these expenses. Id. ¶ 26.

On May 16, 2014, Ms. Tovares' attorney wrote Gallagher requesting a copy of the video documenting her fall at Menards. Id. ¶ 27. Gallagher refused the request stating that a subpoena would be required as the video belonged to

---

[2]The complaint has no paragraph 20, which appears to be a typographical error.

Menards.  Id. ¶ 28.  On October 9, 2014, counsel wrote Gallagher a second time requesting a copy of the video and stating "[b]y withholding important evidence, you force Ms. Tovares to take legal action, which makes it very difficult for her (and other people like her) to simply get the evidence needed to determine whether their claim is valid."  Id. ¶ 29.  Counsel advised Gallagher that if a positive response was not received by October 16, 2014, a petition for hearing would be filed with the South Dakota Department of Labor.  Id. ¶ 30.  On October 20, 2014, having heard nothing from Gallagher, Ms. Tovares filed a petition for hearing with the Department of Labor.  Id. ¶ 31.

Praetorian admitted in its answer to the petition that Ms. Tovares had fallen on March 19, 2014, and that she sought medical attention on March 26, 2014.  Id. ¶ 32.  The answer denied any health care provider indicated the March 19 injury was a major contributing cause of any medical condition or need for treatment.  Id. ¶ 33.  The answer concluded with a declaration that "discovery [must be] conducted and expert opinions . . . obtained to determine the exact nature of [Ms. Tovares'] alleged injuries, [her] current medical condition, and whether [her] medical treatment was related to the incident . . . ." Id. ¶ 34.

On February 6, 2015, the defendants offered $3,000, with a denial of compensability, to settle Ms. Tovares' claim.  Id. ¶ 35.  Ms. Tovares rejected the offer, stating she was owed $3,225.12, together with interest, to fully satisfy the medical bills.  Id.  On March 19, 2015, a check was tendered from "Gallagher

Bassett Services, Inc., for Praetorian Ins. Co." for $3,225.12.   Id. ¶ 38.   Ms.

Tovares dismissed her petition with the Department of Labor.   Id. ¶ 39.   Ms.

Tovares incurred attorney's fees of $806.28, or 25 percent of the payment

received, with the balance being applied to the loan she took out to pay the

medical bills.   Id. ¶ 40.

With this background, Praetorian's objections are grouped for ease of

resolution.

1.    DID THE MAGISTRATE JUDGE ERR BY GROUPING PRAETORIAN
      WITH BASSETT IN THE R&R

In order to efficiently address defendants' motions to dismiss, the

magistrate judge collectively identified the defendants as "Gallagher Bassett/

Praetorian."   (Docket 25 at p. 1).   Three of Praetorian's objections claim the

magistrate judge grouped Praetorian with Gallagher, as opposed to addressing

Praetorian individually.   (Docket 26 at pp. 2-3).

In South Dakota, the relationship of a principal and agent is delineated by

statute.   See SDCL § 59-1-1 ("Agency is the representation of one called the

principal by another called the agent in dealing with third persons.");

§ 59-1-4 ("Agency is actual when the principal appoints the agent.");

§ 59-6-1 ("All rights and liabilities which would accrue to an agent from

transactions within the scope of his actual . . . authority . . . accrue to the

principal."); and § 59-6-4 ("Any instrument within the scope of his authority, by

which an agent intends to bind his principal, does bind him if such intent is plainly inferable from the instrument itself.").

When considering Praetorian's objections to grouping or agency, the allegations of plaintiff's complaint are deemed true.   Great Rivers Habitat Alliance, 615 F.3d at 988.   The complaint identified the agency relationship between the defendants.   Praetorian is responsible to Ms. Tovares for any wrongful acts committed by Gallagher.   See SDCL § 59-6-9 ("[A] principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as part of the transaction of such business; and for his willful omission to fulfill the obligation of the principal.").

It was proper for the magistrate judge to group the defendants for analysis of their motions to dismiss.   Praetorian's objections #2, #4 and #5 are overruled.

2.    DID THE MAGISTRATE JUDGE ERR BY EMPHASIZING THE WORD "ALLEGED"

Praetorian objects to the magistrate judge's use of the word "alleged" in italics throughout the R&R.   (Docket 26 at p. 2).   Praetorian asserts that Gallagher's letter of April 30, 2014, "did not emphasize the word 'alleged' as indicated in the [R&R]."   Id.

Defendant's objection is misplaced.   It is the use of the word "alleged" by Gallagher which the complaint asserts caused Ms. Tovares to suffer emotional distress.   See Docket 1 ¶ 24.   "Alleged" was placed in italics in the complaint to

emphasize the negative impact of the challenge.   Id. ¶ 25.   There is a significant difference between an "alleged" fall and a fall which actually occurred and is verifiable by an employer and its insurance carrier through a video recording. Use of the word "alleged" in the letter questioned Ms. Tovares' character for truthfulness.   (Docket 15-1 ¶ 4).

It was proper for the magistrate judge to use the language of the complaint and the emphasized word "alleged" in describing the factual background of plaintiff's complaint and her claim for damages.   Praetorian's objections #1 and #3 are overruled.

3.    DID THE MAGISTRATE JUDGE ERR WHEN CONCLUDING DENIAL
      OF THE CLAIM WAS "UNREASONABLE"

Praetorian objects to the magistrate judge's finding that the initial denial and delay in payment of Ms. Tovares' claim was unreasonable.   (Docket 26 at p. 3).   Praetorian claims "it is inappropriate for the Report to indicate that any such denial of benefits was 'unreasonable' as this is largely the ultimate issue presented in the case."   Id.

Again, for purposes of resolving defendants' motions to dismiss, the court must accept the allegations of plaintiff's complaint as true.   Great Rivers Habitat Alliance, 615 F.3d at 988.   While it is ultimately the question to be resolved if this case goes to trial, the magistrate judge appropriately concluded for purposes of resolving defendants' motions that their conduct was unreasonable.   Accepting plaintiff's allegations as true, Ms. Tovares fell at work

11

and suffered a compensable, worker's compensation injury. Menards had actual notice of her work-related injury as her fall was recorded on the employer's video surveillance system. Ms. Tovares sought prompt medical attention for the injuries she believe were sustained in the fall. The emergency room attending physician's notes indicated her symptoms were most likely caused by a head injury suffered in the fall. Ms. Tovares' medical bills of $2,900 were compensable under South Dakota worker's compensation law. <u>See</u> <u>Mettler v. Sibco</u>, 628 N.W.2d 722, 724 (S.D. 2001) ("Whenever the purpose of the diagnostic test is to determine the cause of a claimant's symptoms, which symptoms may be related to a compensable accident, the cost of the diagnostic test is compensable, even if it should later be determined that the claimant suffered from both compensable and noncompensable conditions.") (internal citation omitted). For purposes of evaluating defendants' motions, these medical expenses were compensable. <u>Id.</u>

Defendants' decision to withhold payment of Ms. Tovares' medical bills compelled her to take out a loan to pay the bills and file a petition with the Division of Labor. Even after defendants' decision to tender payment, Ms. Tovares still incurred attorney's fees which she would not have incurred but for defendants' decision. How this process impacted Ms. Tovares' emotional state remains to be determined. Praetorian's objections #6 and #7 are overruled.

4.    DID THE MAGISTRATE JUDGE ERR BY REFENCING <u>FORSHEE v.
WATERLOO IND. INC.</u>, IN THE ANALYSIS OF PLAINTIFF'S
EMOTIONAL DISTRESS DAMAGES CLAIM

The magistrate judge cited <u>Forshee</u> for the general proposition that a jury's

award of emotional distress damages "must be supported by competent evidence

of genuine [injury]."   (Docket 25 at p. 5) (citing <u>Forshee</u>, 178 F.3d at 531).   The

R&R cited the word "issue," as opposed to "injury," which is an obvious

typographical error.   <u>Id.</u>   The R&R is amended accordingly.

Defendants contend the magistrate judge erred in citing <u>Forshee</u> because

it "was a discrimination action and not a claim of bad faith in the context of a

South Dakota Worker's Compensation matter."   (Docket 26 at p. 4).

Notwithstanding the objection, Praetorian argued <u>Forshee</u> "actually supports

Defendants' motions."   <u>Id.</u>

Praetorian's objection is misplaced.   The magistrate judge cited <u>Forshee</u>

for the legal proposition stated above.   It matters not whether plaintiff's alleged

emotional distress damages are the result of a discrimination claim or a wrongful

denial of worker's compensation benefits.   Plaintiff's emotional distress

damages "must be supported by competent evidence of genuine injury."

<u>Forshee</u>, 178 F.3d at 531.   In the present analysis, that "competent evidence"

may include plaintiff's testimony corroborated by proof of a physical injury,

treatment for an emotional injury or third-party witness testimony of "any

outward manifestation of emotional distress."   <u>Id.</u>   But as acknowledged in

13

<u>Forshee</u>, plaintiff's emotional distress damages claim may be "a compensatory damage award . . . based solely on plaintiff's own testimony . . . ." <u>Id.</u>

For purposes of the present analysis, plaintiff's emotional distress claim is supported by evidence of her physical injury and evidence of defendants' unreasonable denial and delay in payment of her medical expenses. The magistrate judge did not err in citing <u>Forshee</u> in the analysis of plaintiff's emotional distress damages. Praetorian's objection #8 is overruled.

5.  DID THE MAGISRATE JUDGE ERR BY REFERENCING <u>JORDAN v. STATE FARM INS. CO.</u>, IN SUPPORT OF PLAINTIFF'S CLAIMS

The magistrate judge cited <u>Jordan v. State Farm Ins. Co</u>, CIV 16-4053, 2016 WL 7235688 (D.S.D. December 13, 2016), for the legal proposition that "[p]unitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the . . . amount in controversy requirement has been met." (Docket 25 at p. 7) (citing <u>Jordan v. State Farm</u>, 2016 WL 7235688, * 3) (other citation omitted). Praetorian objects to this citation because "Jordan was a first-party bad faith claim involving hail damage to a home." (Docket 26 at p. 4).

Again, Praetorian's objection is misplaced. The magistrate judge cited <u>Jordan v. State Farm</u> for the legal proposition stated above. The magistrate judge further cited to Judge Piersol's ruling in <u>Jordan v. State Farm</u> that "[w]hile the contractual damage claim alone would not satisfy the jurisdictional minimum for diversity purposes, the contract[ual] damage claim, combine[d]

with claims for emotional distress damages, punitive damages, and attorney's fees, collectively satisfy the jurisdictional requirement."   (Docket 25 at p. 6 n.1) (citing <u>Jordan v. State Farm</u>, 2016 WL 7235688, *4).   Praetorian acknowledges the magistrate judge "correctly quoted Judge Piersol's holding."   (Docket 26 at p. 5).

The magistrate judge did not err in citing <u>Jordan v. State Farm</u> in the analysis of defendants' jurisdictional challenge.   Praetorian's objection #9 is overruled.

6.    DID THE MAGISTRATE JUDGE ERR IN REFERENCING <u>TORRES v. TRAVELERS</u>[3] IN SUPPORT OF PLAINTIFF'S CLAIMS

The magistrate judge acknowledged that in evaluating defendants' jurisdictional challenge to the $75,000 damages threshold, "courts look to cases with factually similar situations to determine whether the plaintiff could receive the claimed emotional distress award."   (Docket 25 at p. 6) (referencing <u>Jordan v. State Farm</u>, 2016 WL 7235688, *3).   The magistrate judge applied that directive and chose <u>Torres</u> as a similar case to evaluate Ms. Tovares' claims for emotional damages and punitive damages.   <u>Id.</u> at pp. 6-7.

Praetorian objects to the comparison to <u>Torres</u> because of the distinctions between that case and Ms. Tovares' claims.   (Docket 26 at p. 5).   Praetorian also objects to this comparison because the plaintiff in <u>Torres</u> only recovered

_____

[3]<u>Torres</u>, Civ. 01-5056 (D.S.D. 2001).

"$60,000 in compensatory damages" which "falls short of the required jurisdictional minimum."[4]  Id.

The court finds Torres is a similar case to the claims alleged by Ms. Tovares.   Torres was a South Dakota bad faith case brought in the Western District of the District of South Dakota in which plaintiff suffered a pecuniary loss of about $8,6612.87.   Torres, Civ. 01-5056, Docket 327 at p. 8.   At trial on plaintiff's bad faith claim based on the defendants' denial of worker's compensation benefits, the jury awarded Ms. Torres $60,000 in compensatory damages for emotional distress and punitive damages of $12 million.   Id. at p. 9. The punitive damages award was later reduced by the trial court to $2 million. Id. at p. 44.

The magistrate judge did not err in citing Torres in the analysis of plaintiff's damages claim and defendants' jurisdictional challenge.   Praetorian's objection #10 is overruled.

7.    DID THE MAGISTRATE JUDGE ERR BY FINDING PLAINTIFF'S
       ALLEGED FACTS SUFFICIENT TO SUPPORT A PUNITIVE
       DAMAGES CLAIM

The magistrate judge found that plaintiff "alleged in her complaint that Gallagher Bassett/Praetorian acted with knowledge of a lack of reasonable basis, or reckless disregard for the lack of reasonable basis and acted with fraud,

---

[4]This is the same argument the defendants made to the magistrate judge (Docket 17 at p. 5) which was rejected in the R&R.   (Docket 25 at p. 6) ("Gallagher Bassett/Praetorian argues that Torres is unavailing.   This court disagrees with Gallaher Basset/Praetorian.").

malice, or oppression. . . .[The] Court finds that Tovares has alleged sufficient facts to support a punitive damages claim, which would exceed the jurisdictional minimum." (Docket 25 at p. 7).

Praetorian's objection to this finding "relate[s] to the procedural requirements necessary to conduct discovery or submit punitive damages to a jury under South Dakota law." (Docket 26 at p. 5) (referencing SDCL § 21-1-4.1). "Praetorian presumes the Magistrate Judge's Report was not intended to address SDCL § 21-1-4.1 or be determinative on the issue. Nonetheless, out of an abundance of caution Praetorian objects to the language and re-urges and incorporates its prior arguments regarding punitive damages generally." Id.

The magistrate judge's conclusion was not intended to address SDCL § 21-1-4.1 or whether the procedure established by that statute is applicable to this federal court litigation. Praetorian's objection on this basis is overruled.

Referencing Torres, the magistrate judge properly concluded plaintiff alleged a claim for punitive damages and that the potential sum which a jury may award as punitive damages would contribute to plaintiff's proof her claims exceed the jurisdictional minimum. (Docket 25 at p. 7). Ms. Tovares' sworn affidavit in support of her response in opposition to defendants' jurisdictional challenge provides testimony very similar to the claims which resulted in $60,000 in compensatory damages and $2 million in punitive damages in Torres. (Docket 15-1).

Ms. Tovares "experienced stress and worry" over her inability to pay the medical bills once her claim was denied by the defendants.   Id. ¶ 2.   Her emotional distress was compounded because she had to go into debt by borrowing money to pay the medical bills.   Id. ¶ 3.   She suffered further worry and betrayal by both her employer and its insurance carrier as she believed they were calling her a liar about her "alleged" fall and injuries.   Id. ¶¶ 4 & 10.   Ms. Tovares testified she was compelled to hire an attorney and worried about paying for his services because of the denial letter.   Id. ¶ 5.   She was emotionally distressed over filing a worker's compensation petition against her employer and was fearful that her job was in jeopardy because of her claim.   Id. ¶¶ 6-7 & 10.

Plaintiff's factual allegations of emotional distress support a claim for punitive damages.   The magistrate judge did not err in the analysis of plaintiff's compensatory and punitive damages claims and defendants' jurisdictional challenge.   Praetorian's objection #11 is overruled.

8.   DID THE MAGISTRATE JUDGE ERR IN CONCLUDING PLAINTIFF
     IS ENTITLED TO RECOVER ATTORNEY'S FEES

The magistrate judge found plaintiff's allegation that defendants' April 30, 2014, denial letter misrepresented the benefits available to Ms. Tovares alleged sufficient facts to recover attorney's fees pursuant to SDCL § 58-12-3.   (Docket 25 at pp. 7-8).   The R&R properly acknowledges that statutory attorney's fees count toward satisfying the $75,000 requirement of § 1332(a).   Id. at p. 7 (citing Crawford v. F. Hoffman-La-Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001).

Praetorian argues the magistrate judge erred when she relied on SDCL § 58-12-3 to conclude plaintiff would be entitled to attorney's fees and when she included the $806.28 fees which were deducted by her attorney when the worker's compensation claim was paid. (Docket 26 at pp. 5-6). These objections will be addressed separately.

Praetorian's objection is premised on its claim that Ms. Tovares does not specifically reference any statutory authority in either her complaint or her brief in opposition to defendants' motions to dismiss. (Docket 26 at p. 6). Praetorian's objection is without merit. The complaint specifically alleges in count II a claim of "misrepresentation pursuant to SDCL § 58-33-5." (Docket 1 ¶ 51) (capitalization and bold omitted). Count II alleges plaintiff is entitled to attorney's fees "pursuant to SDCL § 58-33-46.1." Id. ¶ 57.

SDCL § 58-33-5 addresses misrepresentation or false advertising of an insurance policy. "No person shall make . . . or cause to be made . . . any . . . statement misrepresenting the terms of any policy issued . . . or the benefits . . . promised thereby . . . . Violation of this section is a Class 2 misdemeanor." Id. This statute "prohibits insurer misrepresentation concerning insurance coverage." Delka v. Continental Casualty Co., 748 N.W.2d 140, 152 (S.D. 2008). "Any person who claims to have been damaged by any act or practice declared to be unlawful by this chapter shall be permitted to bring a civil action for the recovery of all actual and consequential damages suffered as a result of

such act or practice including reasonable attorneys' fees to be set by the court."
SDCL § 58-33-46.1.

"Chapter 58–33 provides a private right of action and recovery of attorney's fees for claims based on unfair trade practices." Hill v. Auto Owners Ins. Co., Civ. No. 14-5037, 2015 WL 2092680, *9 (D.S.D. May 5, 2015) (addressing SDCL §§ 58-33-5 and 58-33-46.1). Plaintiff's complaint alleges with particularity the alleged misrepresentation by defendants. Id.; see also Docket 1 ¶¶ 51-58.

Additionally, Praetorian claims the statute is not applicable because "Gallagher Bassett . . . denied that Plaintiff was entitled to benefits, which is a distinction rendering SDCL § 58-33-5 inapplicable." (Docket 26 at p. 6) (emphasis in original). Praetorian argues "there appears to be no representations at all regarding the terms or benefits of the policy." Id. Praetorian's argument is a distinction without a difference. Whether there was a misrepresentation by denial of entitlement to benefits or a misrepresentation of the benefits to which plaintiff may have been entitled, the issue remains a jury question.

SDCL § 58-12-3 provides in pertinent part:

> In all actions . . . against any . . . insurance company . . . on any policy . . . of insurance, if it appears from the evidence that such company . . . has refused to pay the full amount of such loss, and that such refusal is vexatious or without reasonable cause, . . . the trial court . . . shall, if judgment or an award is rendered for plaintiff, allow the plaintiff a reasonable sum as an attorney's fee to be recovered and collected as a part of the costs, provided, however, that when a tender is made by such insurance company . . . before the commencement of the action . . . in which judgment or an award

20

is rendered and the amount recovered is not in excess of such tender, no such costs shall be allowed. The allowance of attorney fees hereunder shall not be construed to bar any other remedy, whether in tort or contract, that an insured may have against the same insurance company . . . arising out of its refusal to pay such loss.

This section does not require a claim of unfair trade practices, but rather only that a claim refusal was vexatious or without reasonable cause. Whether defendants' "conduct was vexatious or without reasonable cause is a question of fact." Biegler v. Am. Family Mutual Ins. Co., 621 N.W.2d 592, 606 (S.D. 2001).

"[T]he obvious objective of SDCL 58–12–3 is to discourage contesting insurance coverage and to reimburse an insured for any reasonable attorney's fees necessarily incurred in defending or enforcing a valid insurance contract right." Bertelsen v. Allstate Ins. Co., 833 N.W.2d 545, 557 (S.D. 2013), *abrogated on other grounds*, Magner v. Brinkman, 883 N.W.2d 74 (S.D. 2016).

For purposes of resolving defendants' motions to dismiss, it appears plaintiff may be entitled to attorney's fees under either SDCL § 58-33-46.1 or § 55-12-3. The magistrate judge did not err in relying on SDCL § 55-12-3 in her analysis of plaintiff's damages. Whether in successful pursuit of her claim of bad faith through vexatious or unreasonable denial of benefits or her claim for unfair trade practices, plaintiff's attorney's fees claim is likely to exceed the jurisdictional threshold on its own. "Absolute certainty . . . is not required" to meet the diversity jurisdiction damages threshold. Hedberg v. State Farm

<u>Mutual Automobile Ins</u>. Co., 350 F.2d 924, 928 (8th Cir. 1965) (citing <u>Aetna</u> <u>Casualty and Surety Co. v. Flowers</u>, 330 U.S. 464, 468 (1947)).

Praetorian also argues the magistrate judge erred in considering in the jurisdictional threshold analysis the $806.28 in attorney's fees deducted from the payment tendered by the defendants.   (Docket 26 at p. 6).   The only reference to that fee appears in the magistrate judge's background discussion of the case.   <u>See</u> Docket 26 at p. 2.   The magistrate judge did not include that fee in the analysis of the attorney's fees claim.   <u>See</u> <u>id.</u> at pp. 7-8.

Praetorian's objections #12 and #13 are overruled.

## CONCLUSION

The court finds that Ms. Tovares established by a preponderance of the evidence that her damages exceed the $75,000 threshold mandated by § 1332(a). Her claim for compensatory damages, in the form of emotional distress, together with her claims for attorney's fees and punitive damages collectively satisfy the jurisdictional requirement.

Praetorian's objections are overruled and the report and recommendation is adopted as amended by this order.

## ORDER

Based on the above analysis, it is

ORDERED that defendant Praetorian's objections (Docket 26) are overruled.

IT IS FURTHER ORDERED that the report and recommendation (Docket 25) is adopted as amended by this order.

IT IS FURTHER ORDERED that plaintiff's motion (Docket 18) is denied as moot.

IT IS FURTHER ORDERED that the defendants' motions to dismiss (Docket 11 & 12) are denied.

IT IS FURTHER ORDERED that the defendants shall file their answers to plaintiff's complaint on or before **October 3, 2017**.

Dated September 12, 2017.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE