UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| ANNIE TOVARES, | ) | Case No.  16-5051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **DEFENDANTS' BRIEF IN SUPPORT** |
| | ) | **OF MOTION TO STRIKE PLAINTIFF'S** |
| GALLAGHER BASSETT SERVICES, INC., | ) | **EXPERT ELLIOTT FLOOD,** |
| and PRAETORIAN INSURANCE | ) | **ALTERNATIVE MOTION TO LIMIT** |
| COMPANY, | ) | **OPINIONS** |
| | ) | |
| Defendants. | ) | |

COME NOW, Gallagher Bassett Services, Inc. ("Gallagher") and Praetorian Insurance Company ("Praetorian"), by their attorneys, Sara Frankenstein and J. Crisman Palmer of Gunderson, Palmer, Nelson & Ashmore, and Deanne C. Ayers of Ayers & Ayers, and submit this Brief in Support of Motion to Strike Plaintiff's Expert Elliott Flood, Alternative Motion to Limit Opinions as follows:

## I.   FLOOD IS NOT QUALIFIED TO RENDER THE OFFERED EXPERT TESTIMONY

Plaintiff has brought suit against Defendants for allegations related to handling of a South Dakota workers' compensation claim.  Plaintiff retained Elliott Flood, a Texas attorney, as a liability expert.

It is Defendants' understanding that Mr. Flood has never adjusted workers' compensation claims, much less a South Dakota workers' compensation claim.  It is anticipated Mr. Flood will testify at trial that the actions of Defendants in adjusting Plaintiff's claim under the South Dakota Workers' Compensation Act constituted an alleged violation of the duty of good faith and fair dealing.

Defendants object to the testimony of Mr. Flood and request that his testimony be disallowed in this case on the following grounds:

(a) The opinions of Mr. Flood regarding Defendants' conduct, and their reasonable investigation are neither helpful, reliable, nor relevant, as the proposed testimony and opinions contain no knowledge, opinions, or statements that the trier-of-fact could not determine for itself, and therefore, his opinions and testimony are not helpful in assisting the trier-of-fact with its duties;

(b) Mr. Flood lacks sufficient basis/foundation for his opinions as he has never held a South Dakota law or adjuster's license and has never personally adjusted a South Dakota workers' compensation claim or tried a suit in South Dakota; and

(c) Mr. Flood attempts to bootstrap his South Dakota opinions by referring to rules of practices in other states.  This is improper in that the ultimate opinion he intends to offer is the impropriety of Defendants' conduct in adjusting a South Dakota claim. He has never handled a matter pending in South Dakota, never investigated such a claim, never followed the procedures under the South Dakota Workers' Compensation Act, and could not lawfully adjust a South Dakota workers' compensation claim.

Defendants object to and request exclusion of the testimony, reports, evidence, and conclusions of this named expert witness, because ultimately, his opinions and testimony will not assist the trier-of-fact in reaching its conclusions in this matter.  His testimony is neither reliable nor relevant under Federal Rule of Evidence 702.  It is anticipated his testimony provides legal conclusions and interpretations of both statutes and common law legal principles, which intrude

upon the exclusive province of this Court.  Finally, Mr. Flood's opinions are based on the subjective beliefs of Plaintiff, which is improper expert testimony.

## II.  STANDARDS FOR ADMISSIBILITY OF EXPERT TESTIMONY

The trial court must determine "whether this particular expert had sufficient specialized knowledge to assist the jurors in deciding the particular issues in the case."  *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The courts have recognized the increase in use of expert witnesses and the likely prejudicial impact of such testimony on the trier-of-fact.   To reduce this impact, trial judges are the gatekeeper of expert opinion evidence and have the responsibility of assuring that such evidence will not be placed before the jury unless the expert meets the standard to qualify as an expert witness.  *Daubert v. Merrell Dow Pharmaceuticals*, 509 U. S. 579, 597, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

When conducting a *Daubert* analysis to ascertain the reliability of an opinion, the trial court should consider the following: (1) whether the scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; and (3) whether a particular technique is generally accepted in the relevant scientific community.  *Id.*at 593-4.  In 1999, the U. S. Supreme Court extended the flexible *Daubert* analysis to all expert testimony of "specialized knowledge," even if decidedly non-scientific. *Kumho,* 526 U. S. at 141.  Thus, the *Daubert* standard is applicable to all experts of any nature.

A trial court's ruling on admission of expert testimony is reviewed under an abuse of discretion standard.  *United States v. Eagle*, 515 F.3d 794, 800 (8th Cir. 2008).  The Eighth Circuit affords "great latitude" to district courts in assessing whether proposed expert testimony meets the requirements of Rule 702.  *Allen v. Brown Clinic, P.L.L.P.*, 531 F.3d 568, 573 (8th Cir. 2008).  The Court must determine whether the proffered testimony is sufficiently reliable to be

admissible. *Id.* at 574.  Expert testimony that is "speculative, unsupported by sufficient facts, or contrary to the facts of the case" is inadmissible. *United States v. Bailey*, 571 F.3d 791, 803 (8th Cir. 2009).  Further, it is appropriate to exclude expert testimony that goes beyond the expert's personal experience. *American Auto. Ins. Co. v. Omega Flex, Inc.*, 783 F.3d 720, 724 (8th Cir. 2015).

Defendants object to Mr. Flood's testimony and request that it be stricken, as Mr. Flood's expert opinions regarding the role of a third-party administrator and workers' compensation carrier are neither helpful, reliable, nor relevant.  Mr. Flood's proposed testimony and opinions contain no knowledge, opinions, or statements that the trier-of-fact could not determine for itself. Therefore his opinions and testimony are not helpful in assisting the trier-of-fact with its duties, and Mr. Flood lacks a sufficient basis and/or foundation for his opinions.  Mr. Flood will serve no more than as an extension of an advocate for Plaintiff.  Mr. Flood's qualifications are, in essence, merely that he is a lawyer in Texas.  By analogy, a lawyer with a volume of motor vehicle accident cases would not be allowed to testify that a defendant was negligent in causing an auto accident. Likewise, the opinions of Mr. Flood should be excluded.  Allowing Mr. Flood to testify sets a precedent that simply being a practicing attorney qualifies one as an expert even though the attorney may lack the license or practical experience to perform the job against which he intends to offer opinions.

### III. TESTIMONY IS NEITHER HELPFUL, RELIABLE, NOR RELEVANT

It is a well-accepted legal principle that Rule 702 requires expert testimony to be helpful to the jury's ultimate determinations by being both relevant and reliable.  Federal Rule of Evidence 403 permits a Court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or

misleading the jury  . . . ." *Daubert,* 509 U. S. at 595, 113 S. Ct. 2786.  A jury will be asked to address the reasonableness of Defendants' conduct.  Mr. Flood is not any more knowledgeable or capable of opining on reasonableness than the jury.  Mr. Flood's opinions regarding Defendants' conduct and investigation contain nothing that the trier cannot determine for itself, and as discussed below, his "opinions" largely are recitations of South Dakota law that invade the province of this Court.  For example, some of Mr. Flood's "findings" include that "[t]here was no reasonable basis to deny the claim," that "[t]here was no legitimate business reason to withhold the accident video," and that "[c]ausing delay of the inevitable is not a legitimate business reason."  The reasonableness of conduct is something a jury should decide.

Additionally, Mr. Flood's experience as a Texas lawyer is neither helpful to the trier nor reliable or relevant regarding South Dakota law.  His opinions, in sum, would only serve to confuse and mislead the jurors who are perfectly capable of assessing the reasonableness of Defendants' conduct themselves.  Thus, Mr. Flood's testimony regarding reasonableness of Defendants' conduct is inadmissible.

## IV.  TESTIMONY IS NO MORE THAN IMPROPER OPINION ON THE LAW

A proposed expert witness' qualifications must rise above mere speculation to offer genuine assistance to the jury.  *Daubert,* 509 U. S. at 590, 113 S. Ct. 2786.  It is well established that no witness, including an expert witness, may testify to matters of law or interpret the law to the jury.  Numerous decisions have held that the Court is to be the sole voice of the law and its application to the facts.  *Peterson v. City of Plymouth,* 60 F.3d 469, 475 (8th Cir. 1995)(it was an abuse of discretion to allow an expert's testimony that police officers complied with Fourth Amendment requirements as that was a legal conclusion for the Court to make); *Marx & Co. v. Diners' Club, Inc.,* 550 F.2d 505, 508-11 (2nd Cir. 1977)(it was error to permit attorney to testify

about security law and application of the law to the facts); *Montgomery v. Aetna Cas. & Sur. Co.,* 898 F.2d 1537, 1541 (11th Cir. 1990)("[a] witness also may not testify to the legal implications of conduct . . ."); *Sprecht v. Jensen,* 853 F.2d 805, 809 (10th Cir. 1988)("testimony on ultimate issues of law by the legal expert is inadmissible because it is detrimental to the trial process").

For example, this prohibition against testimony on the law bars an attorney with twenty-five years of experience in the fields of corporate officer and director liability law from testifying as to whether a corporation's officers fulfilled or breached their fiduciary duties to the company. One of the bases for this exclusion is:

> [i]f an expert witness were allowed to testify to legal conclusions, each party might find an expert who would state the law in light most favorable to its position. Such differing opinions as to what the law is would only confuse the jury. (citations omitted).
>
> Whether the officers and directors breached their fiduciary duties is an issue for the trier-of-fact to decide. It is not for Knepper [the expert witness] to tell the trier-of-fact what to decide.

*Arkansas v. Fatjo,* 130 F.3d 657, 673 (5th Cir. 1997); *Thompson v. State Farm Fire & Cas. Co.,* 34 F.3d 932, 941 (10th Cir. 1994) (not error for trial court to exclude expert on bad faith denial and investigation of insurance claims). In an unpublished South Dakota federal district court decision, an attorney's testimony in an insurance bad faith matter was excluded on the basis that it was an inadmissible legal opinion. *McElgunn v. Cuna Mut. Group*, No. Civ. 06-5061-KES, 2008 WL 6898653 (D.S.D. Mar. 24, 2008). The admission of expert legal testimony will usurp the function of the court since it is the judge's role to determine applicable law and to instruct the jury. *See e.g. United States v. Zipkin,* 729 F.2d 384, 387 (6th Cir. 1984) (error to allow bankruptcy judge to testify). The court explained in *Zipkin:*

> Expert testimony on the law is excluded because the trial judge does not need the judgment of witnesses. The judge (or the jury as instructed by the judge) can

> determine equally well the law (citations omitted).  The special knowledge of the
> judge makes the witness' testimony superfluous.

729 F.2d at 387 (citations omitted).  The admission of expert legal testimony also does not serve

the purpose of expert testimony.  Under Rule 702, expert testimony is intended to "assist the

trier-of-fact to understand the evidence or to determine a fact in issue."  Because Mr. Flood's

opinions are nothing more than his conclusory opinions on the law, Mr. Flood's opinions are

inadmissible expert testimony.

Mr. Flood's lack of qualifications and specialized knowledge, as articulated herein,

demonstrates that the most his testimony would provide to the jury is an explanation of the laws

of the State of South Dakota.  Mr. Flood's opinions and testimony are no more than his

interpretation of the law. The legal framework must be presented to the trier-of-fact only as an

instruction from this Court. Determination of the applicable law lies solely and exclusively

within the province of the Court. Mr. Flood's opinion of what the law is cannot replace what

this Court determines the law to be, and therefore cannot be helpful, reliable, or relevant to the

jury's ultimate determinations.

## V.  FLOOD'S TESTIMONY IS INADMISSIBLE SUBJECTIVE BELIEF

The U.S. Supreme Court has held that expert testimony based on mere "subjective belief

or unsupported speculation" is inadmissible.  *Daubert*, 509 U.S. at 590.  "Rule 702 demands that

expert testimony relate to scientific, technical or other specialized knowledge, which does not

include unsubstantiated speculation and subjective beliefs." *Diviero v. Uniroyal Goodrich Tire

Co.,* 114 F.3d 851, 853 (9th Cir.1997) (citing *Daubert,* 509 U.S. at 590, 113 S.Ct. 2786).  An

expert's testimony may be excluded where it is based on subjective beliefs or unsupported

speculation which is no more than unreliable *ipse dixit* guesswork. *See General Electric Co. v.

Joiner,* 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (holding that trial court may

properly exclude *ipse dixit* opinions where "there is simply too great an analytical gap between the data and the opinion proffered").

The Ninth Circuit has held that it is error to admit expert testimony concerning the expert's opinions on the subjective intent of the parties. *Energy Oils, Inc. v. Mont. Power Co.*, 626 P.2d 731, 737 (9th Cir. 1980).  For example, Mr. Flood opines that it is his "conclusion that the delay of the inevitable resulted in an unreasonably delayed payment of nearly one year." Proper expert opinion testimony would be whether Defendants met the standard indicated in South Dakota statute, but not testimony regarding a party's subjective belief.  An expert's opinion is inadmissible when it is influenced by the subjective statements of an interested party. *Securities and Exchange Commission v. Lipson*, 46 F.Supp.2d 758, 767 (N.D. Ill. 1999); *Oviatt v. Com'r of Social Security Admin.*, 303 Fed. Appx. 519 (9th Cir. 2008).  Because Mr. Flood's opinions are based on Plaintiff's subjective beliefs, the testimony is inadmissible.

## VI.  EXCLUSION APPROPRIATE BASED ON INADEQUATE DISLOSURE

Mr. Flood lists eight "findings" in his report. There is no basis disclosed for any of these findings. They are no more than statements of subjective opinion unsupported by facts, disclosed standards or other disclosed evidence. Although the witness states generally in his report that there were "deviations from industry customs, practices and standards," these alleged customs, practices, and standards are not identified so that Defendants would be on notice of what alleged proof they would need meet at the time of trial.

Even should the Court find that Mr. Flood's opinions would otherwise be admissible, they should be excluded based on the failure to disclose the opinions, information/material relied on, and the alleged industry customs, practices, and standards that the witness claims were not followed.  *U.S. v. STABL, Inc.*, 800 F.3d 476, 487 (8th Cir. 2015), *citing,* F.R.C.P. 37(c)(1), *Trost*

*v. Trek Bicycle Corp.*, 162 F.3d 1004 (8th Cir. 1998)("A party who fails to provide information as required by Rule 26(a) or (e), or fails to do so in a timely manner, may not use that information or witness unless its failure to comply with the Rule is harmless or substantially justified.")  Mr. Flood's report indicates that he will form additional opinions once he receives additional documentation.  However, Plaintiff possessed a copy of the claim file and the claim notes even before suit was filed, and an additional copy has been produced in discovery.  While Defendants cannot control what documentation is provided to Plaintiff's expert witness, the expert should not be allowed to supplement his opinions when the claim file documentation was already in Plaintiff's possession.  Defendants move to strike any additional undisclosed opinions of Mr. Flood as such opinions would be untimely.

Accordingly, Defendants pray the Court grant the Motion to Strike Plaintiff's Expert Elliott Flood and for such further relief, in law or in equity, to which Defendants are so entitled.

Dated:  September 17, 2018.


GUNDERSON, PALMER, NELSON
& ASHMORE, LLP

By:   */s/ Sara Frankenstein*
_____
Sara Frankenstein
J. Crisman Palmer
506 Sixth Street
P.O. Box 8045
Rapid City, SD  57709
Telephone: (605) 342-1078
E-mail:  sfrankenstein@gpna.com
E-mail:  cpalmer@gpna.com

and

Deanne C. Ayers
AYERS & AYERS
4205 Gateway Drive, Suite 100
Colleyville, TX  76034
Telephone (817) 267-9009
Email:  dayers@ayersfirm.com

*Attorneys for Defendants*


## CERTIFICATE OF CONFERRAL

I hereby certify that on 17th day September 2018, I conferred with attorney for Plaintiff. Agreement was not reached and this matter is submitted for a determination.  Defendants have a dispositive motion pending, but submit this Motion so as not to waive the filing, as the due date for all motions other than *Motions in Limine* is September 17, 2018.


/s/ *Sara Frankenstein*
Sara Frankenstein