Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

**Tovares v. Gallagher Bassett Services, Inc.; Praetorian Insurance Co. 16-5051-JLV**

**Plaintiff's First Motion to Compel Responses to Document Requests (First Set)**

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 2**<br><br>**Personnel files of claims staff in this case.**<br><br>**"Claims staff in this case" is defined as staff directly involved in handling this claim *as well as* their supervisors and managers in their chain of command, up to the head of the department or division responsible for handling claims.** | (1) how the company evaluates claims handlers;<br><br>(2) how it wants claims handled;<br><br>(3) incentives and motivations the company gives claims personnel;<br><br>Chain of command files are relevant to the intentions of management.<br><br>*Lyon v Banker's Life & Cas. Co.*, 2011 WL 124629 (D.S.D. 2011) (courts in this district routinely allow discovery of personnel files in insurance bad faith cases);<br><br>*Leichtnam v. Zurich American Ins. Co., et. al.,* 5:15-cv-05012 JLV, Doc. 63, pp. 6-7 (D.S.D. 2018) (ordering production of personnel files). | DEFs should comply. | Defendants' objections should be sustained.<br><br>Personnel files have no relevance as to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5.  The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action has been dismissed.<br><br>Plaintiff is speculating on what she contends the file(s) may possibly include. The request is overbroad in that it even seeks personnel files for individuals who were not involved with Plaintiff's claim.<br><br>Defendants raised the employees' privacy rights as files may include personal medical and financial information of the employees as well as proprietary and trade/ business secrets of the employer.<br><br>The privileged and proprietary nature of these documents is supported by the affidavit of Diana Johnson. | Intentional misrepresentation of benefits is closely related to bad faith denial of benefits. Each involves denial despite contrary knowledge.<br><br>The punitive damage claim alleged here requires analysis of bad faith - - whether acts were done with knowledge and intent. Likewise, evidence of company pattern and practice is critical to punitive damages.  *Kirschenman, 2012 U.S. Dist. LEXIS 64659,* *5 (D.S.D 2012).<br><br>Personnel files shed light on each of these factors -- ***particularly upper-level files,*** since 'it is the intent of company management, not low-level employees, that is the critical factor in the punitive damage analysis.' *Kirschenman,* **5-6.<br><br>A protective order adequately preserves employee privacy. *Kirschenman,* at *8. Plus, the Requests themselves say DEFs should may redact personal medical and financial information. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.  Defendants' Last Offered Compromise attempts to refute the position raised for the first time in Plaintiff's Last Offered Compromise.<br><br>Plaintiff's position continues to be premises on bad faith denial of benefits – a cause of action that has been dismissed.  Even the *Kirschenman* case relied upon by Plaintiff is a bad faith lawsuit. Plaintiff's assertion of being entitled to an analysis of bad faith is misplaced as this is no longer a pending cause of action.<br><br>Plaintiff's pure speculation does not support the discovery request. *E.E.O.C. v. Woodmen of the World Life Ins. Society,* 2007 WL 1217919, *1 (D. Neb. Mar. 15, 2007)(*citing, Hofer v.* | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | *In camera* review is unnecessary because no privilege is alleged, and a protective order adequately protects privacy concerns. *O'Daniel v. Hartford Life Ins. Co.*, No. Civ. 11-5088-JLV, 2013 WL 164225, *12 (D.S.D. 2013). | *Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1993). ("Mere speculation that information might be useful will not suffice; litigants seeking to compel discovery must describe with a reasonable degree of specificity, the information they hope to obtain and its importance to their case.") The personnel files would not lead to evidence of whether the April 30, 2014 letter was a misrepresentation.<br><br>In the event the Court determines this material relevant Defendants request an *in camera* review of the evaluations of the author of the April 30, 2014 letter. Plaintiff's citation to *O'Daniel* did not involve review of personnel files. However, in *Dziadek v. Charter Oak Fire Ins. Co.*, No. 11-4134-RAL, 2014 WL 1621963 (D.S.D. Apr. 22, 2014), the Court did conduct an *in camera* review of personnel files.  Even Plaintiff's position is unclear as to how a personnel file would reflect a knowing misrepresentation. | |

2

Moving Party: __Plaintiff  Annie Tovares__

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 3**<br><br>**Documents that identify training/education al materials made available to claims staff regarding the handling of worker's compensation claims** | Reveals how claims staff determine benefits.<br><br>May also reveal Defendants' knowledge that diagnostic testing is compensable<br><br>*Lyon*, at p.35 (plaintiff entitled to inquire of defendant's training strategy to determine if relevant evidence may be discovered); *Leichtnam*, Doc. 63, p. 14 (training materials discoverable). | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>A request for training materials has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §33-33-5.  The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed.<br><br>Defendants follow the South Dakota Workers' Compensation Act and referred Plaintiff to a website to obtain a copy of the state law, rules and forms. Defendants advised Praetorian did not provide any training to Gallagher employees.  The request is overbroad in that it is not limited to South Dakota. Defendants objected to the request on the basis of relevance, vague, ambiguous, and that it seeks privileged and proprietary documents constituting trade secrets.<br><br>"Knowledge the diagnostic testing is compensable" is not an issue before this Court and as such, Plaintiff's basis for relevance establishes on its face that the information is not sought for a | The April 30 letter tells PLTF no benefits were available. Training materials may show DEF **knew** benefits were available. See *Mettler v. Sibco*, 2001 S.D. 64, ¶ 9, (when the purpose of a diagnostic test is to determine the cause of symptoms that *may be related* to a compensable accident, the cost of testing is compensable, even if it is later determined the claimant suffered from both compensable and non-compensable conditions.").<br><br>DEFs' training may also reveal a culture of cutting payouts to please employers and retain business.<br><br>Discovery is not limited to SD borders. See, e.g., *Collins v. St. Paul Fire & Marine Ins. Co.*, 2016 WL 5794722, at *6 (D.S.D. 2016). Many claim procedures are not specific to a single state. Limiting discovery to those aimed **exclusively** at South Dakota would allow DEFs to withhold materials that apply to South Dakota claims simply because they also apply elsewhere.<br><br>DEFs' say PLTF should accept the link they provided to the SD Dept. of Labor Worker's Compensation guidelines. DEFs' training isn't so | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Again, Plaintiff relies on caselaw allowing discovery for bad faith cause of action, not the SDCL §58-33-5 cause of action.  Plaintiff's position is not supported by any evidence, but rather is nothing more than speculation or guessing. Further, material generated after the April 30, 2014 letter would have no relevance to whether the letter constituted a misrepresentation under SDCL §58-33-5. Subsequently created material would not be relevant as by definition it would not have been available to the claims staff involved in Plaintiff's claim.<br><br>Plaintiff's reliance on *Mettler* is misplaced.  *Mettler* was a bad faith cause of action – it does not apply to a statutory misrepresentation cause of action.  It is irrelevant whether or not the bill was | |

3

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | purpose relevant to the remaining issue in this case.<br><br>Documentation regarding training and handling of workers' compensation claims is not relevant due to the elimination of the bad faith cause of action. Request No. 3 requests "all training and educational materials related to handling workers compensation insurance claims" and Request No. 18 requests documents "to guide, direct or inform how [to] handle claims or oversee the handling of claims." Both of these requests related to claims of bad faith handling, which is no longer a cause of action.  Plaintiff's motion describes the need for the documents as "Training materials and claim processing procedures show how adjusters determine benefits owed."  (Doc. 92, Page 9).  Whether Plaintiff was entitled to benefits or how Defendants processed her claim are not issues that remain.  Thus, these requests are not relevant or discoverable. | limited.  GB marketing brochures refer to "*Gallagher University,*"... *"a robust training and claims certification program."* Doc. 103-15.<br><br>Praetorian's training is relevant because it is *the insurer*, and SDCL 58-29D-13 not only requires *the insurer* to oversee a TPA's handling of claims but also imposes liability on *the insurer* for a TPA's mishandling.  *Id.* See also *Torres v. Travelers,* Civ.  01-5056-KES, pp. 14-15 (D.S.D. 2004) (liability upheld against both insurer and TPA, despite insurer's claim it had no involvement).  Thus, the law makes Praetorian's lack of oversight relevant, as well as its knowledge of benefits owing under its coverage. A good place to look for an insurer's knowledge of its own policy benefits is in materials used to train adjusters. Compensability of diagnostic testing is relevant because DEFs put it squarely at issue -- arguing that since PLTF's diagnostic testing wasn't compensable,  DEFs made no misrepresentation. See Doc. 63, p. 18. DEFs can't say benefits are non-compensable and then block discovery by saying compensability is irrelevant. | payable as Plaintiff did not secure an administrative finding that she was entitled to reimbursement for that bill.  Further, *Mettler* has never been applied to situations in which an injured worker is attempting to receive medical care for a wholly separate body part from the initially reported body part.  Plaintiff originally only reported that she sustained a fall to her hip and arm, and Plaintiff never sought any medical treatment for her side, hip or her elbow.  The CT scan Plaintiff sought reimbursement for was to the head. The *Mettler* case does not support a discovery request for training.<br><br>Defendants are not putting compensability of the medical test in issue.  Rather, the Court has already ruled that Plaintiff did not exhaust administrative remedies on compensability. This Court cannot now make a determination on any such compensability.  This is a fatal gap in Plaintiff's proof. Further, the statutory misrepresentation claim Plaintiff has asserted pertains | |

4

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | GB offers only its "Best Practices." GB cannot pick and choose what responsive materials to produce. *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 356 (D.S.D. 2013) (defendants don't get to pick and choose which documents they think are relevant). | to the insurance policy terms, not the facts of the claim.<br><br>The fallacy of the need for training documents is that the workers' compensation policy only indicates that the policy would cover payments for a compensable injury. There has been no determination that the medical bill was for a compensable injury.  If the request for payment of a medical bill was not for a compensable condition, it cannot have been a misrepresentation of a policy term to issue a denial.<br><br>The South Dakota Workers' Compensation Act provides, "An injury is compensable only if it is established by medical evidence."  The April 30, 2014 letter merely stated we "found no evidence to support your claim for benefits."  This is not a misrepresentation of policy benefits, but rather is simply a statement consistent with the Act's definition of a compensable injury.<br><br>Plaintiff purely speculates that there may be training | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | materials advocating a "culture of cutting costs." There is no basis for such speculation nor does such speculation  support this broad discovery request. *Woodmen of the World Life Ins. Society*, 2007 WL 1217919, *1.<br><br>Plaintiff's argument for training materials beyond South Dakota borders is further objectionable since the sole remaining cause of action is a South Dakota statute.  There would be no other state training materials on a South Dakota statute.<br><br>Plaintiff's reliance on *Torres* is inapplicable to establish discovery of Praetorian's training materials.  While an insurer may have a non-delegable duty of good faith and fair dealing, there is no similar holding that an insurer has a non-delegable duty with regard to a SDCL §58-33-5 misrepresentation cause of action.  Any Praetorian training materials have no relevance to Gallagher's letter since Praetorian did not write the April 30, 2014 letter.  In fact, | |

Moving Party:   Plaintiff Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | the April 30, 2014 letter makes no mention of Praetorian.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).<br><br>In the event the Court determines this to be relevant even in light of the order granting summary judgment, Gallagher has offered to produce its Best Practices document upon entry of a Protective Order. | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 8**<br><br>**Documents produced by or for Gallagher for purposes of marketing its services to worker's compensation insurers**<br><br>Plaintiff stipulates the Request is limited to documents that were either received by Praetorian or Created or modified from January 1, 2012 to present. | Reveals defendants' intent to reduce claim payouts.<br><br>They also show company plan, which is relevant to the issue of punitive damages.<br><br>*Lyon*, at pp. 35-36 (defendant's marketing strategy discoverable). | Defendants should comply. | Defendants' objections should be sustained.<br><br>The request for marketing materials used to "marke[t] Gallagher's services to workers' compensation insurers" would not lead to admissible evidence regarding whether the April 30, 2014, letter to Plaintiff was an actionable misrepresentation.  The request, as worded, does not include any marketing to Plaintiff or the public in general; rather it is limited to marketing to insurers.<br><br>Plaintiff's cited authority has no relevance to marketing material in a SDCL §58-33-5 cause of action.<br><br>Gallagher produced marketing materials.  Beyond the documents produced, Gallagher objects on the basis of relevance, unduly burdensome, annoyance, harassment and undue expense.<br><br>Gallagher also raised a defense of proprietary information.<br><br>Gallagher has answered that there are no known documents pertaining to Plaintiff's claim or the policy of insurance. | DEFs pretend the relevance of marketing is limited to materials PLTF saw and relied on it to her detriment. That misses the point. Marketing materials already located show GB bragging that its clients enjoy lower claim payouts than the rest of the industry. Doc. ___. That raises a permissible inference that GB seeks to reduce claim payouts, which supports PLTF's claim of intentional misrepresentation as well as punitive damages.<br><br>GB says it produced marketing info, but makes no claim that it fully complied. *Hill v. Auto-Owners Ins. Co.*, 2015 WL 2092680, *13 (D.S.D. 2015)(defendant's claim that it produced *some* discovery doesn't relieve it of providing *all responsive documents*). Most of the documents provided are simply batch prints of their website pages -- already available to PLTF.<br><br>GB claims its marketing is proprietary, But advertising by definition is  voluntarily disclosed to persons and entities *outside GB itself* -- often by mass media – negating confidentiality. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Whether or not Gallagher touts lower claim payouts in marketing materials is irrelevant as to whether or not the April 30, 2014 letter constitutes a misrepresentation under SDCL §58-33-5.  As worded, Plaintiff's request seeks marketing materials to insurers – not to Plaintiff.<br><br>Plaintiff's request as worded is so broad that no entity could ever remark that it has fully complied with the request.  Defendant have produced over 11,000 pages of material.  Given the sole remaining cause of action and the small amount of Plaintiff's actual damages, this broad request is not proportional.<br><br>Defendants were unable to access the website address listed in Plaintiff's Last Offered Compromise, but | |

8

Moving Party:   Plaintiff Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | Insurer advertising isn't hard to produce as insurers must make it available for inspection by regulators. See NAIC Examiner's Handbook, p. 4, available at *https://www.naic.org › prod_serv › FAH-ZU-14* . | what the document is believed to be is a Financial Handbook produced by NAIC.  This 680 page guideline is not a state mandated document.  Further, Plaintiff's referral to advertising is discussed in the context of a Market Conduct Examination, which is not a required examination, and page 3 of the handbook only indicates that a financial analyst "MAY" perform such an evaluation.  (See https://www.naic.org/prod_serv/FAH-ZU-14.pdfpage 3).<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 12**<br><br>**Documents regarding compensation or incentive plans or programs for claims staff in this case**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from January 1, 2012 to present | Reveals how the compensation system provides motivation or incentives to reduce claim payouts<br><br>*Lyon*, at p. 21 (compensation of claim personnel relevant and discoverable); *Leichtnam*, Doc. 63, p. 8-10) (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>The claim staff's salary has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. The privileged and proprietary nature of these documents is supported by the affidavit of Diana Johnson.<br><br>Defendants answered that there were no incentive plans or programs applicable to claims staff involved in Plaintiff's claim. Defendants raised the following objections:  relevance, vague, ambiguous, overbroad by seeking information on employees with no involvement in Plaintiff's claim, privacy interests of employee, proprietary information and trade secrets of Defendants. Defendants also objected that the request seeks information outside the handling of Plaintiff's claim, thus it is not reasonable in scope. | Intent and motive are relevant to both intentional misrepresentation as well as punitive damages. The existence of a company policy incentivizing reductions in claim payouts is also highly relevant to punitive damages. *Kirschenman*, **5-6.<br><br>Objections to "proprietary information" and privacy are resolved by a protective order. *Kirschenman*, *8. The affidavit of Diana Johnson<br><br>DEFs' claim that no programs exist for the persons directly handling PLTF's claim is non-responsive. (1) the Request isn't so limited, and (2) those handling the claim are presumably paid, so there is a "compensation program" of some sort.<br><br>Incentives for upper-level personnel are relevant, because it is the intent of upper-level management that is critical to the punitive damage analysis. *Kirschenman*, **5-6.<br><br>DEFs' objection to providing information outside the time of PLTF's claim is addressed in response to Request 15, *infra*. PLTF incorporates the same here. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>*Kirschenman* does not support Plaintiff's position in that it addresses discovery in a bad faith cause of action – not a misrepresentation cause of action.  Further, the alleged misrepresentation is an April 30, 2014 letter, therefore, the compensation of individuals other than the author of the letter has no relevance.<br><br>Compensation of individuals in the multiple years since the creation of this letter has no relevance to this case.<br><br>In the event the Court determines this to be relevant in light of the order granting summary judgment, Defendants offered to produce the salary of the author of the April 30, 2014 letter. | |

Moving Party:   Plaintiff Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 14**<br><br>**Documents indicating amounts paid in claims may be considered in determining compensation to claims staff (i.e. bonuses)**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from January 1, 2012 to present. | Reveals how the compensation system provides motivation or incentives to reduce claim payouts<br><br>*Lyon*, at p. 21 (compensation of claim personnel relevant and discoverable); *Leichtnam*, Doc. 63, p. 8-10) (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Defendants answered that "there were no documents indicating that the amount paid in claims may be considered in deciding whether or not to pay any sort of compensation for any claims staff or in deciding how much to pay."<br><br>The handling adjuster's salary has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. The privileged and proprietary nature of these documents is supported by the affidavit of Diana Johnson<br><br>Defendants raised the following objections:  relevance, vague, ambiguous, overbroad by seeking information on employees with no involvement in Plaintiff's claim, privacy interests of employee, proprietary information and trade secrets of Defendants. Defendants also objected that the request seeks information outside the handling of Plaintiff's claim, thus it is not reasonable in scope. | Documents located by PLTF on-line reveal Gallagher has at least three incentive bonus programs tied to performance targets set by its bonus committee. Doc. 103-27, pp. 1, 3, 6, 9.<br><br>Other GB documents show it promises to slash claim costs for customers using its workers compensation claim services.  For instance,<br><br>• GB promises the "best medical outcomes in the industry," with 42% lower average incurred  costs; Doc. 103-16.<br><br>• another GB brochure says the typical client experiences a 54% reduction in the cost of medical expense claims, and a72% reduction in the cost of lost time injury claims.  Doc. 103-17.<br><br>• GB issues scorecards for claim outcomes; Doc. 103-20.<br><br>• GB measures its performance for clients by the average cost per claim | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>It is significant to note that the documents referenced by Plaintiff in her Last Offered Compromise have nothing to do with claims handling or compensation.  For example, Doc. 103-16 relates to managed care by a managed care vendor of appropriate payment of amount of medical bills (not claims handling) and Doc. 103-17 is an Australian company – not Defendant.  Doc. 103-20 and 103-21 appear to be a Request for Proposal generated in response to a specific municipal client located in Nebraska who made specific requests for certain work.  Doc. 103-24 does not stand for the proposition that costs of the indemnity and medical payments are lower.<br><br>Plaintiff's reliance on these documents underscores this request is nothing more than |  |

11

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | it achieves; Doc. 103-21, p. 3.<br><br>• GB says "our clients know that our average costs are lower." Doc. 103-24, p. 1.<br><br>All this comes from documents GB is brazen enough to publish on-line. | mere speculation that the COMPENSATION will reveal discoverable information. *Woodmen of the World Life Ins. Society*, 2007 WL 1217919, *1.  Plaintiff has not demonstrated how the referenced documents concerning claim costs are relevant or show that compensation is relevant when Defendants have already answered that the author of the letter is not compensated based on claim denials.<br><br>In the event the Court determines this to be relevant in light of the order granting summary judgment, Defendants offered to produce the salary of the author of the April 30, 2014 letter. | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 15**<br><br>**Documents showing compensation paid to claims staff in this case from January 1, 2010 to present.**<br><br>**Plaintiff stipulates the Request is limited to documents from January 1, 2010 to present.** | Reveals how the compensation system provides motivation or incentives to reduce claim payouts<br><br>*Lyon*, at p. 21 (compensation of claim personnel relevant and discoverable); *Leichtnam*, Doc. 63, p.8-10) (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Defendants answered, "no claims staff involved in Plaintiff's claim received incentive pay for the manner in which Plaintiff's claim was handled."<br><br>The handling adjuster's salary has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. The privileged and proprietary nature of these documents is supported by the affidavit of Diana Johnson. Defendants raised the following objections:  relevance, vague, ambiguous, overbroad by seeking information on employees with no involvement in Plaintiff's claim, privacy interests of employee, proprietary information and trade secrets of Defendants. Defendants also objected that the request is unreasonably overbroad as it seeks information for an 8-year period. | Again, the answer is not responsive. See PLTF's discussion in regards to Request 13 and 14, above.<br><br>DEFs' object to providing information outside the time frame of PLTF's claim. District courts in SD allow discovery  before and after PLTF's claim because it helps reveal if the conduct was intentional and part of a larger pattern of behavior, or simply an isolated accident or mistake. See: *Burke v. Ability Ins. Co.*, 291 F.R.D. 343, 351-352 (D.S.D. 2013) (compelling personnel files without time limitation); *Lillibridge v. Nautilus Ins. Co.*, 2013 WL 1896825 *6 (D.S.D. 2013) (12 year period); *Signature Development LLC v, Mid-Continent Cas. Co.*, 2012 US Dist LEXIS 132886, *37-39 (D.S.D. 2012) (11-year period); *Kirschenman v. Auto-Owners Ins.*, 280 F.R.D. 474, 482-83 (D.S.D). 2012) (10 year period).<br><br>Further, a company policy or plan to reduce claim payouts is important evidence in a punitive damage claim. *Hurley v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 1600796, *4 (D.S.D 2012) (it is the intent of management, not low-level employees, that is critical | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>The caselaw cited by Plaintiff does not support a ruling that the compensation is discoverable in a suit for misrepresentation under SDCL §58-33-5 as Plaintiff's caselaw is entirely bad faith caselaw.<br><br>Plaintiff did not timely pursue discovery or a less intrusive means by deposing even one employee of Defendants.  Even the caselaw cited by Plaintiff confirms that punitive damages should not be awarded in the absence of a "plan."<br><br>Defendants have answered that the author of the letter does not receive any incentive pay.  Plaintiff offers nothing but speculation that such a plan exists, but such speculation does not support a motion to compel. *Woodmen of the World Life* | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | in the punitive damages analysis), citing *Roth v. Farner-Bocken Co.*, 2003 SD 80, 667 N.W.2d 651, 667 (S.D. 2003) (reversing punitive damages where no evidence of company policy or practice); *Pulla v. Amoco Oil Co.*, 72 F.3d 648, 659-61 (8th Cir. 1995)(absence of policy or plan justified reducing punitive award). | *Ins. Society*, 2007 WL 1217919, *1. | |
| **Request No. 18**<br><br>**Documents made available to claims staff that guide, direct or inform how they handle claims** | *Lyon*, at p.35 (training relevant and discoverable); *Leichtnam*, Doc. 63, p. 14 (training materials discoverable). | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>A request for training materials has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5.  The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed.<br><br>The request is overbroad in that it was not limited to South Dakota. Defendants objected to the request on the basis of relevance, vague, ambiguous, and that it | This Request seeks claim manuals, claim procedures, and other resources made available to assist of guide claim personnel and those in the supervisory chain of command.<br><br>PLTF's response here is the same as the response to Request 3 above, which seeks training materials. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Defendants also reiterate their response to Request 3 above.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | seeks privileged and proprietary documents constituting trade secrets. | | to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).<br><br>In the event the Court determines this to be relevant in light of the order granting summary judgment, Gallagher offered to produce its Best Practices document upon entry of a Protective Order. | |
| **Request No. 20**<br><br>**Documents analyzing or discussing performance of claims department's handling of worker's compensation claims**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from | Reveals management's tracking of claim outcomes and payouts<br><br>Relevant to both misrepresentation of policy benefits as well as punitive damages<br><br>*Lyon*, at p. 18-20 (quality assurance audits relevant and discoverable). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Any documents regarding other claims and claims handling is not relevant in light of the order granting summary judgment.  This request has no relevance to whether the April 30, 2014 letter constituted a misrepresentation under SDCL §58-33-5.   The caselaw cited by Plaintiff only applies to bad faith cause of action.  The affidavit of Diana Johnson support the overbreadth of this request.  It would take 2,981,628.60 hours at an expense | DEFs' "none" response is false.<br><br>For instance, Doc. 103-20 says GB compliance supervisors audit claim files.  It also refers to "carrier audit scores" of  GB's performance. Most importantly, it refers to "Claim Scorecards/Outcomes." *Id.*<br><br>In Doc. 103-21, pp. 3, GB tells a potential customer that it tracks the average cost per claim, and "we pride ourselves on marrying our performance to your goals."<br><br>DEFs say the affidavit of Diana Johnson shows it would take 2,981,628.60 hours at an expense | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>As noted above, Doc. 103-20 and 103-21 appear to be responsive to requested items made by a municipality in Nebraska based on a specific Request for Proposal made by that entity, which that entity was willing to pay to have performed.  These documents do not demonstrate that such actions | |

15

Moving Party: <u>Plaintiff Annie Tovares</u>

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| January 1, 2012 to present.<br><br>Plaintiff further stipulates that the Request excludes documents that solely concern the handling of a particular claim other than Plaintiff's. | | | of $74,540,715 to conduct a review to gather this information.<br><br>Defendants answered "None." Defendants further raised the following objections: relevance, overbroad, vague, ambiguous, not limited to South Dakota claims, seeks information outside the time period of handling Plaintiff's claim, attorney client and work product privileges. As to Praetorian, it did not perform claims handling, therefore the request is not relevant. | of over $74 million to gather the information sought by Request 20. That's false too.<br><br>Johnson's affidavit says it would take 2,981,628.60 hours *to manually review every single GB claim file between January 1, 2012 and April 2, 2018.* Doc. 107-3, ¶¶ 4, 14.<br><br>That is meaningless here, because the Request itself specifically excludes documents solely related to a particular claim – i.e., claim files. Further, audits and quality assurance documents are not maintained in claim files anyway. They are separately maintained in files designated for that specific purpose.<br><br>DEFs' objection to information outside the time of PLTF's claim is addressed in response to Request 15, *supra.* PLTF incorporates the same here. | were taken with regard to Plaintiff's employer.<br><br>Plaintiff has no evidence to challenge the sworn testimony of Diana Johnson contained in her affidavit. She indicated that Gallagher does not track the information requested by Plaintiff and that it would require significant time and effort to gather this information. One cannot gather information to analyze or discuss performance of claims handling without reviewing claims.<br><br>This request is further irrelevant in light of the dismissal of the bad faith cause of action and caselaw cited by Plaintiff is irrelevant as it solely concerns discovery in a bad faith cause of action.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). | |
| **Request No. 21**<br><br>**Documents regarding goals, targets or objectives for claims staff in this case or for worker's compensation claims in general**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from January 1, 2012 to present. | Reveals intent and motive to reduce claim payouts<br><br>*Lyon*, at p. 20-21 (goals, targets, objectives for claim staff or claim departments relevant to motives and intent); *Leichtnam*, Doc. 63 at p. 13 (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Defendants answered they have no documentation of Goals, Targets and Objectives related to Plaintiff's claim other than the documents in the claim file. Defendants have already produced the claim file, which contained the "goals, targets and objectives" for Plaintiff's claim.<br><br>Documentation of goals, targets and objectives has no relevance in light of the order granting summary judgment.  This request has no relevance as to whether the April 30, 2014 letter constituted a misrepresentation under SDCL | It is clear that GB sets goals/targets relating to claims. Its own website says GB audits include "claim handling proficiencies" and "cost targets." Doc. 103-22, p. 2<br><br>GB also monitors its own performance with "Claim Scorecards/Outcomes." Doc. 103-21, p. 4. Scorecards usually compare performance against specific targets or goals.<br><br>Another GB document says "*we should focus efforts on a targeted closure initiative*." Doc. 103-23. It advises that GB "identify a *targeted* body of claims," and monitor the closures in the *targeted* | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Plaintiff reliance on Doc. 103-22 is misplaced in that the document clearly relates to Arthur J. Gallagher & Co., which is an insurance broker, not a third party administrator which handles claims. Targets or goals for insurance brokers who are commission based employees who attempt to sell insurance coverage is irrelevant. | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| Plaintiff further stipulates that the Request excludes documents that solely concern the handling of a particular claim other than Plaintiff's and documents related only to efforts to save on non-allocated loss adjustment expenses (i.e. office supplies and other general overhead). | | | §58-33-5. The privileged and proprietary nature of these documents is supported by the affidavit of Diana Johnson.<br><br>Plaintiff has not indicated how discovery of an individual's personnel file or any goals, targets or objectives contained therein will lead to relevant evidence concerning whether Plaintiff received a misrepresentation based on the April 30, 2014, letter.  "[T]he party seeking discovery has the burden to establish its relevancy and proportionality."  Wilson v. Decibels of Or., Inc., Case No. 1:16-cv-00855-CL, 2017 WL 1943955, *2 (D. Or. May 9, 2017)(quoting, La Pac. Corp. v. Money Mkt. I Institutional Inv. Dealer, 285 F.R.D. 481, 485 (N.D. Cal. 2012).  This is especially true as it applies to any individual beyond the author of the letter.  Even the "bad faith" caselaw cited by Plaintiff on this issue does not support disclosure of files beyond individuals with direct involvement.  Lyon, 2011 WL 124629, *8. | *group* to demonstrate concrete and measurable results." (emphasis added) *Id.* Finally, it refers to "previous closure initiatives" and says they resulted in "reduced incurred dollars," and "eliminated outstanding liabilities." *Id.*<br><br>GB's entire incentive bonus system involves performance *targets*. Doc. 103-27, pp. 2, 4, 7-8.<br><br>DEFs refer to "the privileged and confidential nature of these documents," but don't identify any "privilege." Unsupported objections have no effect.<br><br>DEFs' claim that the Affidavit of Diana Johnson supports confidentiality here is another misstatement. The one and only reference to confidential information in that affidavit concerns *claim files.*  Doc. 107-3, ¶ 15. Once again, this Request expressly excludes claim files.<br><br>Finally, DEFs claim that the caselaw cited by PLTF here does not support disclosure of files beyond individuals with direct involvement. That is plainly wrong. In *Leichtnam,* cited by PLTF,  this Court ordered production of personnel files and then explained that "in cases | Likewise, Doc. 103-27 also relates to Arthur J. Gallagher & Co.  As noted herein, Doc. 103-21 is merely a response to a Request for Proposal for a specific municipality in Nebraska who requested that certain tasks be performed on its claims – it is not a system wide claim review. Defendants cannot even identify the document listed as Doc. 103-23, nor can Defendants identify it as a document relative to Defendants. | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | where the insurance company tried to limit discovery to the claims handler and his or her immediate supervisor, that attempt has been rejected." (citations omitted) 5:15-cv-05012-JLV, Doc. 67, pp. 7-8 (D.S.D. 2018).<br><br>The relevance of intent, motive, and plan to an intentional misrepresentation claim and punitive damages was addressed under Request 2 above, and PLTF refers to that discussion. | Defendants also incorporate their responses to Request 2 above in response to this request.  Further, the *Leichtnam* decision cited by Plaintiff does not discuss discovery of personnel files in a misrepresentation cause of action based on a single letter.  Plaintiff cites no authority holding that discovery of personnel files of individuals who did not wrote, see or approve this letter would be relevant to this claimed misrepresentation cause of action.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).<br><br>In the event the Court determines this to be relevant | |

19

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | in light of the order granting summary judgment, Defendants request an in camera review of the evaluations of the author of the April 30, 2014 letter. | |
| **Request No. 22**<br><br>**Documents regarding efforts to affect average claim costs, loss ratios, combined ratios, allocated loss expenses or underwriting profit for worker's compensation claims.**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from | Reveals intent and motive to reduce claim payouts<br><br>*Lyon*, at p. 20-21 (goals, targets, objectives for claim staff or claim departments relevant to motives and intent); *Leichtnam*, Doc. 63 at p. 13 (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Documentation of claim payouts has no relevance in light of the order granting summary judgment.  This request has no relevance to whether the April 30, 2014 letter constituted a misrepresentation under SDCL §58-33-5.<br><br>The affidavit of Diana Johnson supports the overbreadth of this request.  It would take 2,981,628.60 hours at an expense of $74,540,715 to conduct a review to gather this information. The expense of compliance with | The relevance of intent, motive, and plan to an intentional misrepresentation claim and punitive damages was addressed earlier.<br><br>DEFs' claim that they "do not maintain aggregate data of this nature" is contrary to what GB says in its marketing materials, as explained under Requests 14, 20, and 21 above, and provided to the Court as Docs. 103-16 through 103-27.<br><br>Finally, DEFs' reference to Diana Johnson's affidavit is again off-point. That statement says only that it would take 2 million hours to | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Because Defendants do not maintain the aggregate data requested by Plaintiff in this request, it would require Defendants to review every single claim file in order to compile the information made in Request No. 22.  The time and expense of such a review is documented in the affidavit of Diana Johnson. | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| January 1, 2012 to present.<br><br>Plaintiff further stipulates the Request excludes documents from individual claim files and documents related solely to efforts to increase sales of insurance policies or underwriting efforts to reduce the risk of policies not yet issued. | | | the request is disproportionate to the need for the requested material.<br><br>The caselaw cited by Plaintiff did not involve a cause of action for alleged violation of SDCL §58-33-5.<br><br>Defendants do not maintain aggregate data of this nature and each claim is handled on its independent merits and facts. Defendants advised no documents were withheld as such documents do not exist.  Defendants raised the following objections: relevance, overbroad, vague, ambiguous, not limited in time, insurance line, or individual claim, seeks information outside the period of handling Plaintiff's claim, and that the request seeks privileged and proprietary information.<br><br>Plaintiff's mere speculation on a topic that has no relevance to whether the April 30, 2014, letter was a misrepresentation does not justify what would amount to production of every claim and every state's workers' compensation act and fee guideline.  See, Woodmen of the World Life Ins. Society, 2007 WL 1217919, *1.  As with the prior | manually review every single GB claim file between January 1, 2012 and April 2, 2018. Doc. 107-3, ¶¶ 4, 14.<br><br>This Request, on the other hand, says on its face that documents from individual claim files are outside the scope of the request.<br><br>DEFs' objection to information outside the time of PLTF's claim is addressed in response to Request 15, *infra.* PLTF incorporates the same here. | Contrary to Plaintiff's unsupported statement herein, Docs. 103-16 through 103-17 do not demonstrate that Defendants aggregate data regarding average claim costs, loss ratios, combined ratios, allocated loss expenses or underwriting profit. Defendants have already demonstrated herein that the Docs. 103-16 through 103-17 do not stand for the proposition asserted by Plaintiff or the documents are not even documents of Defendants.  Plaintiff's mere speculation does not support the discovery request and Plaintiff's request is not proportional to the amount of Plaintiff's actual damages (less than $3,000 medical bill for a CT scan of a body part that was not even mentioned as being involved in the accident at work).  The fact that one municipality submitted a Request for Proposal inquiring into whether it could pay for claim specific information on its own claims is a far cry from Plaintiff's extrapolation that Defendants do this task for all claims.  The simple fact is that no such task is | |

21

Moving Party:   Plaintiff Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | discussion of claim department reviews, such a review of claim file information would be burdensome and costly with no benefit for the development of evidence in support of the remaining cause of action. | | performed system wide nor is such a task performed for Plaintiff's employer.<br><br>Even if the task of reviewing all files to gather this information was performed (which it was not), it would have no relevance to whether the April 30, 2014 letter constitutes a misrepresentation.  Cost information concerning nationwide claims does not go towards developing evidence of a statutory misrepresentation under SDCL §58-33-5.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 23**<br><br>**Documents referring to contests, games or prizes relating to performance of claims staff in this case**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from January 1, 2012 to present. | Reveals intent and motive to influence claim payouts<br><br>*Lyon*, at p. 20-21 (goals, targets, objectives for claim staff or claim departments relevant to motives and intent); *Leichtnam*, Doc. 63 at p. 13 (same). | Defendants should comply. | Defendants' objections should be sustained.<br><br>Defendants answered they have no documents as to any individual directly involved in the handling of Plaintiff's workers' compensation claim.  Defendants raised the following objections: relevance, it seeks information on employees with no involvement in Plaintiff's claim, Praetorian did not perform claims handling, it seeks information outside the period of handling Plaintiff's claim, unduly burdensome, annoyance, harassment and undue expense. | The relevance of contests or prizes in connection with claim payouts should be obvious.<br><br>DEFs' denial here, saying "they have no documents as to any individual *directly involved* in the handling of Plaintiff's workers' compensation claim," raises a niggling feeling that such events do take place for supervisory and management personnel.<br><br>Incentives provided to upper-level personnel are relevant to intent, and to analysis of punitive damages. As this Court stated in *Leichtnam:*<br><br>"[I]n cases where the insurance company tried to limit discovery to the claims handler and his or her immediate supervisor, that attempt has been rejected. (citations omitted) As was noted in *Fair v. Royal & Sun Alliance,* the evidence of institutional pressure that was brought to bear on an insurance company's claims handlers was not in the personnel file of the claims handler herself, nor was it in her immediate supervisor's file; rather, the entirely relevant evidence was found in the personnel file of the regional claims manager. *Fair v.* | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.  Defendants' Last Offered Compromise attempts to refute the position raised for the first time in Plaintiff's Last Offered Compromise.<br><br>Defendant incorporates its position set forth in Request No. 21 above.  Defendants have answered that there is no document responsive to this request for any individual directly involved in the handling of Plaintiff' claim. Plaintiff has not shown how any compensation is relevant for any individual who neither wrote, saw, or reviewed the April 30, 2014 letter upon which the misrepresentation cause of action is based.  As noted above, the caselaw cited by Plaintiff on this topic is premised on discovery in a bad faith cause of action. |  |

23

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | *Royal & Sun Alliance,* 278 F.R.D. 465, 474–76 (D.S.D.2012)." *Leichtnam,* 5:15-cv-05012-JLV Doc. 66. | | |
| **Request No. 26**<br><br>**Depositions or trial testimony transcripts or recordings of any claims staff in this case in any extra-contractual suit arising out of the handling of a worker's compensation claim.** | May reveal:<br><br>(1) similar events of claims handling<br><br>(2) prior adverse rulings against defendant on same issues<br><br>(3) prior statements of defendants' personnel regarding claims handling<br><br>(4) internal procedures | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>The discovery request was limited to prior testimony in bad faith extra-contractual litigation, but the remaining cause of action is not for an extra-contractual cause of action, rather it is for a statutory cause of action. Prior testimony in bad faith extra-contractual litigation has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed. | Prior testimony is relevant here for the same reasons outlined by the Court in *Lyon* and *Leichtnam*.<br><br>DEFs' misquote the Request, saying "the discovery request was *limited to* prior testimony *in bad faith extra-contractual litigation*." That's false. See Doc. 103-14. Here is Request 26 verbatim:<br><br>26. Prior testimony<br><br>All deposition or trial testimony transcripts and recordings of any claims staff in this case, *in any extra-contractual suit* arising out of the handling of a worker's compensation insurance claim. (emphasis added). | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Plaintiff essentially acknowledges that in light of the dismissal of the bad faith cause of action, this suit is no longer an extra-contractual suit. Even a case relied upon by Plaintiff recognizes that "to be relevant, these other cases must share some factual or legal vector with the plaintiffs' claims." *Kirschenman,* 280 F.R.D. at | |

24

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | involved in claims handling<br><br>*Lyon*, at p. 24-25 (prior testimony in suits related to claim denials relevant and discoverable); *Leichtnam*, Doc. 63 at pp. 15-16. | | Defendants answered that there are no such prior testimony involving individuals who directly handled Plaintiff's workers' compensation claim. | Doc. 103-14.<br><br>DEFs raise the pointless argument that PLTF's claim here is not extra-contractual. That's false as well, but more importantly, it makes no difference because the Request it isn't conditioned on whether *this* is an extra-contractual suit, it merely seeks testimony from extra-contractual suits.<br><br>This Court enforced a virtually identical  Request for testimony from "extra-contractual suits" in *Leichtnam*.  2018 WL 4701353, at *6 (D.S.D. 2018). | 489.  Because an extra-contractual suit for bad faith does not share "some factual or legal vector" with the sole remaining cause of action for a misrepresentation under SDCL §58-33-5, this request is overbroad.  Plaintiff's reliance on bad faith caselaw is misplaced.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).<br><br>The request is not proportional given the amount of Plaintiff's claimed damages of less than $3,000. | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 27**<br><br>**Documents that identify names, dates and venues of extra-contractual suits filed against Defendants arising out of worker's compensation claims**<br><br>Plaintiff stipulates the Request is limited to lawsuits in the United States. | May reveal similar conduct as alleged in this matter<br><br>Relevant to intent and motive – punitive damages<br><br>*Lyon*, at pp. 26-27 (litigation against defendant involving denial of claims relevant and discoverable). | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>The discovery request was limited to prior lawsuits involving extra-contractual litigation, but the remaining cause of action is not for an extra-contractual cause of action, rather it is for a statutory cause of action.  Prior lawsuits for extra-contractual litigation have no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5.  The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed.<br><br>Defendants answered that there were none in Defendants' possession of individuals involved in the handling of Plaintiff's claim, and that Defendants do not maintain aggregate data of this nature.  The request is not even tangentially related to the remaining claim, is not limited in scope, time, or South Dakota claims, is unduly burdensome and would cause Defendants undue expense disproportionate to the claims in the case. | DEFs make the same misrepresentations of the Request language here as made in the preceding section. PLTF's response is also the same.<br><br>DEFs next claim here that they "do not maintain aggregate data of this nature." That's not credible. No insurer or TPA could operate if they ignored lawsuits.  They have personnel in charge of tracking, managing, and reporting such matters to management.<br><br>Gallagher's Annual Reports say litigation against the company requires estimation of potential liabilities and expenses of litigation, with estimated liabilities reflected in its financial statements. "Significant management judgment is required to estimate the amounts of such contingent liabilities …" See AJ Gallagher 2014 Annual Report, p. 61.<br><br>These procedures would be impossible  if Gallagher couldn't even identify the litigation brought against it.<br><br>Gallagher's SEC filings also show it has Errors and Omissions coverage for litigation brought against the company. See, e.g., | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Plaintiff's reliance on the AJ Gallagher 2014 Annual Report and Arthur J. Gallagher's SEC filings is misplaced as Arthur J. Gallagher & Co. is a different entity than Gallagher Bassett Services, Inc.  Plaintiff's speculation that aggregate data of other litigation exists, and such speculation does not support this request for discovery.  *Woodmen of the World Life Ins. Society*, 2007 WL 1217919, *1.<br><br>Plaintiff essentially acknowledges that in light of the dismissal of the bad faith cause of action, this suit is no longer an extra-contractual suit.  Even a case relied upon by Plaintiff recognizes that "to be relevant, these other cases must share some factual or legal vector with the plaintiffs' claims." *Kirschenman*, 280 F.R.D. at 489.  Because an extra- | |

26

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | AJG Form 10-K, 2016, p. 17. Lawsuits have to be reported to the E&O insurer in order to preserve coverage. And Gallagher doesn't just report the lawsuit and then throw away the paperwork. | contractual suit for bad faith does not share "some factual or legal vector" with the sole remaining cause of action for a misrepresentation under SDCL §58-33-5, this request is overbroad.  Plaintiff's reliance on bad faith caselaw is misplaced.

Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

The request is not proportional given the amount of Plaintiff's claimed damages of less than $3,000. | |

Moving Party:   Plaintiff Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 28**<br><br>**Documents regarding market conduct examinations, cease and desist orders, consent orders or other regulatory investigations involving Defendant' handling of worker's compensation claims**<br><br>Plaintiff stipulates the Request is limited to regulatory actions in the United States. | May reveal similar conduct as alleged in this matter<br><br>Relevant to intent and motive – punitive damages<br><br>*Lyon*, at p. 31 (regulatory actions against defendant discoverable). | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>Other regulatory actions have no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed. The affidavit of Diana Johnson supports the burdensome nature of this request as it would involve a review of every claim file involving 2,981,628.60 hours at an expense of $74,540,715 | The similarity between intentional misrepresentation of policy benefits and bad faith denial of policy benefits has been addressed previously. PLTF reiterates the same response here.<br><br>Contrary to DEFs' claims, the affidavit of Diana Johnson never mentions this Request or the documents it seeks. Doc. 107-3. She claims it would take years to manually review every GB claim file from 2012 and 2018. But this Request has nothing to do with claim files. It seeks regulatory enforcement documents, which are maintained by the  Compliance Department, not the Claim Department.<br><br>In fact, Ms. Johnson is the *Compliance Director*,  and is in charge of "handling and managing regulatory matters pertaining to Gallagher." *Id.* She knows where these files are kept.<br><br>GB proved it can locate regulatory documents when it produced SD regulatory action documents filed against GB. See, e.g., Doc. 103-28. Further, when a licensed insurer or TPA is subject to regulatory action in one state, they must report it to the NAIC database, as well as to | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.  Defendants' Last Offered Compromise attempts to refute the position raised for the first time in Plaintiff's Last Offered Compromise.<br><br>.<br><br>Once again, Plaintiff speculates that some type of aggregate compilation of the items in this request exists, but per the sworn affidavit of Diana Johnson, responding to this request would require a review of all claim files at an extraordinary expense. Plaintiff's surmise and speculation does not make her position true, and such speculation is insufficient to warrant the undertaking of this task. *Woodmen of the World Life Ins. Society*, 2007 WL 1217919, *1.  Further, the request is not proportional given the amount of Plaintiff's claimed damages of less than $3,000.<br><br>Plaintiff has not demonstrated how the items | |

28

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | each state where it is licensed. Doc. 103-28. GB knows this, because the SD DOI fined GB for failing to report a Maine enforcement action brought against it. *Id.*<br><br>GB can produce the information. | sought in this request would lead to admissible evidence in the case at bar. For example, no other state would have addressed compliance with the South Dakota misrepresentation statute found in SDCL §58-33-5. It is also unlikely that any such item would exist addressing a voluntary payment of a medical bill to avoid incurring additional legal fees when there is no admission of liability made by Defendants.<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff. State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). For example, Arizona law requires that a carrier take action within 21 days of the State alerting the carrier of the claim. Failure of a carrier to meet that | |

Moving Party: <u>Plaintiff Annie Tovares</u>

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | deadline in Arizona would have no relevance to whether the April 30, 2014 letter constitutes a misrepresentation. Texas law requires that any administrative decision must be paid within a certain number of days. Failure of a carrier to meet that deadline has nothing to do with whether the April 30, 2014 letter constitutes a misrepresentation.<br><br>The request is so broad as to encompass any unfounded allegation upon which no action was taken. Anyone can make an unfounded claim, but the assertion of a claim does not mean it is a valid claim. | |

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Request No. 30**<br><br>**Newsletters, bulletins, blast e-mails or other documents created by Defendants and made accessible to claims staff in this case regarding news or commentary about Defendants**<br><br>Plaintiff stipulates the Request is limited to documents created or modified from January 1, 2012 to present. | Reveals company policies, culture and attitudes<br><br>May also lead to other claim-relevant information<br><br>*Lyon*, at pp. 33-34 (newsletters discoverable); *Leichtnam*, Doc. 63 at pp. 16-17. | Defendants should comply. | Defendants' objections should be sustained.<br><br>The subject matter of this request has no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5. Plaintiff has not alleged that she saw any company newsletter to form the basis of a misrepresentation to Plaintiff. The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed.<br><br>Defendants have produced documentation that may be responsive to this request. (See e.g. bate numbered documents 2433-2451). | GB issues a publication called the "Advantage Newsletter." Doc. 104-24. GB's own description of it shows relevance here:<br><br>  "*Our clients know that our average costs are lower*…Each of our clients invested the time to get to know us – *our programs, our processes*, and our people. We'd like you to get to know us too. To help keep you informed of the latest developments at Gallagher Bassett, we created the Advantage Newsletter." (emphasis added) Doc. 103-24.<br><br>DEFs say they have produce materials that may be responsive, and cite bates numbers 2433-2451. This is the first time PLTF's counsel has even heard about any bates numbers beyond 1-207, which is the claim file.<br><br>DEFs' offer to amend its responses to "refer to its websites" is non-responsive, and insufficient. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Again, any reference to lower claim costs has no relevance to whether or not the April 30, 2014 letter constituted a misrepresentation under SDCL §58-33-5. Regardless, Defendants have produced responsive documents.<br><br>The fact that Plaintiff's counsel who drafted this response had not located the bates stamped material exceeding 11,000 is not evidence that it was not produced. Plaintiff's Second Motion to Compel acknowledges that Plaintiff had received this discovery in the body of the motion. A copy of the letter transmitting the flash drive with 11,000 pages will be filed with the Court for the Court's review. Further, Plaintiff's counsel represented in a telephone call that he had difficulties with reviewing documentation sent to | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | Plaintiff's prior counsel Holloway.

Further, the request is not proportional given the amount of Plaintiff's claimed damages of less than $3,000. The request as worded could conceivable even encompass emails alerting that certain offices were closed due to weather.

Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

Plaintiff asserts that newsletters are relevant as they may show company policies.  However, company policies have nothing to do with whether the April 30, 2014 letter is a misrepresentation. | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | In the event the Court determines this information to be relevant in light of the order granting summary judgment, Defendants agree to amend their responses to specifically refer to Defendants' websites. | |
| **Request  No. 31**<br><br>**All transcripts, video or audio recordings, power point presentations or other materials relating to presentations or speeches claims staff in this case have  given regarding insurance** | May reveal company attitudes regarding claims handling and reducing claim payouts<br><br>*Lyon*, at pp. 34-35 (speeches-presentations of insurer's personnel or subject of insurance discoverable). | Defendants should comply.<br><br>Plaintiff stipulates the Request is limited to documents available from January 1, 2010 to present. | Defendants' objections should be sustained.<br><br>Presentations or speeches have no relevance to whether the April 30, 2014 letter was a misrepresentation under SDCL §58-33-5.  The caselaw cited by Plaintiff relates to discovery in a bad faith cause of action, but the bad faith cause of action was dismissed.<br><br>Defendants answered there is no responsive documentation from claim staff directly involved with handling Plaintiff's claim. Defendants answered that they could not identify the type of | Relevance of intent, motive, and plan to an intentional misrepresentation claim and punitive damages was addressed earlier. Statements by company management about the business of insurance can be admissible as statements of a party opponent. GB's marketing documents already show statements that GB will dramatically reduce their claim payments, so this is no fishing expedition. Docs. 103-16 through 18, 24.<br><br>As with other requests, defendants say they have no responsive documents with regard to the claims staff who were directly | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.  Defendants' Last Offered Compromise attempts to refute the position raised for the first time in Plaintiff's Last Offered Compromise.<br><br>Plaintiff asserts that this is relevance to reveal company attitudes regarding claims handling and reducing payments.  However, the bad faith cause of action for alleged improper claims | |

33

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | documentation sought in this request.  Defendants raised the following objections: relevance, overly broad, not limited in scope and burdensome; seeks information outside the period of handling Plaintiff's claim.<br><br>Plaintiff's request is not limited to workers' compensation insurance, to South Dakota claims or to any matter related to the remaining and very limited scope of allegation related to a statutory claim for alleged misrepresentation of a policy term. | involved in handling Plaintiff's workers' compensation claim. But the  Requests define claim staff to include those in the supervisory chain of command.<br><br>DEFs' claim inability to understand what is sought by this Request, but DEFs' haven't pointed to any specific words they don't understand. SD District Courts haven't expressed trouble understanding the request in other cases, and routinely order production.  *Lyon v. Bankers Life and Cas. Co.*, 2011 WL 124629, 34 (D.S.D. 2011) (enforcing requests for speeches or presentations of claim staff or chain of command personnel); *McElgunn v. CUNA Mutual*, CIV. 06-5061 (Docket 84 #8) (D.S.D. 2007) (speeches and video-taped presentations of company officers discoverable). | handling has been dismissed. This request would not lead to admissible evidence of alleged violation of the specific South Dakota statute regarding misrepresentation of insurance policy terms. Responding that the author of the letter does not have any responsive documentation is appropriate.  Statements made by individuals who did not author or review the April 30, 2014 letter has no relevance.<br><br>This request is not proportional given the amount of Plaintiff's claimed damages of less than $3,000. It is not even known how Defendants would go about collecting responsive documents other than what has already been produced given the request as worded essentially seeks any statement "about insurance"<br><br>Further, the U.S. Supreme Court has noted that because laws regarding business practices vary from one state to another, the Supreme Court has cautioned that evidence of a company's practices which are relevant | |

34

Moving Party:    Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | | to punitive damages should be limited to evidence of practices in the same state as the plaintiff.  State Farm v. Campbell, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). | |
| **Request No. 33**<br><br>**Financial reports of Defendants**<br><br>Plaintiff stipulates the Request is limited to reports for the years 2012 through 2016. | Relevant to the issue of punitive damages<br><br>*Biegler v. American Family Ins. Co.*, 2001 SD 13, ¶52; SD Pattern Jury Instructions, 50-100-10 (defendant's financial condition should be considered in assessing punitive damage claim). | Defendants hould comply. | Defendants' objections should be sustained.<br><br>Defendants have produced responsive documentation. Defendants raised the following objections:  relevance; seeks information outside the period of Plaintiff's workers' compensation claim; unduly burdensome, annoyance, harassment, and undue expense; overly broad, not limited in scope and burdensome; proprietary information and business/trade secrets of Defendants. The scope of the request exceeds what the jury could consider even if Plaintiff were able to establish a prima | Financial condition is admissible evidence in a punitive damage claim.<br><br>If DEFs' have produced responsive documentation as to the DEFs' financial condition (not that of the parent companies) PLTF requests that they point it out. Moreover, if DEFs' provided bates numbered documents beyond 207, please point those out too.<br><br>DEFs claim the Request is too broad. PLTF will clarify and narrow it by limiting it to true and correct copies of financial statements for each defendant for each of the years 2012 – 2016. | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.  Defendants' Last Offered Compromise attempts to refute the position raised for the first time in Plaintiff's Last Offered Compromise.<br><br>SDCL 21-1-4.1 requires a hearing to determine whether punitive damages would be appropriate before allowing discovery.  While SDCL 21-1-4.1 is procedural, Plaintiff's sole remaining | |

35

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | facia showing of entitlement to a submission on punitive damages. | DEFs allude to a requirement that PLTF first make a prima facia showing of entitlement to punitive damages. If defendants are referring to SDCL 21-1-4.1, the state statute requiring a prima-facia showing of willful, wanton or malicious conduct before discovery is allowed on punitive damages, that statute is procedural and doesn't apply to federal courts in a diversity action. *Lillibridge v. Nautilus Ins. Co.*, 2013 U.S. Dist. LEXIS 31547, **20-21 (D.S.D. 2013) (because SDCL 21-1-4.1 is procedural, a plaintiff suing under diversity is not required to meet the heightened burden found in SDCL 21-1-4.1 to begin discovery on the issue of punitive damages). | cause of action is also a South Dakota statute.  Given the fact that Plaintiff's actual damages only total less than $3,000, allowing discovery beyond that which has already been produced is not proportional.  The U.S. Supreme Court has long held that Rule 26 discovery must be relevant and proportional to the needs of the case, and "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando*, 441 U.S. 153, 177, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979) | |
| **Request No. 34**<br><br>**Documents related to the policies issued to Menards as well as documents relating to terms and retention limits of the policies, premiums assessed, loss experience and any special account status between** | Reveals relationships and financial incentives, motivation and intent of Defendants in reducing  claim payouts<br><br>May reveal that the contract for claim services is not between Gallagher and Praetorian, but | Defendants should comply. | Defendants' objections should be sustained.<br><br>Plaintiff admitted that she has not seen the insurance policy, nor has she been told about the policy terms.  Thus, the insurance policy cannot form the basis of a claim for an alleged violation of SDCL §58-33-5.<br><br>Defendants could not identify what the term "special account status" means. | The issue here is discovery. DEFs instead argue they should win on the merits so PLTF isn't entitled to discovery.<br><br>The Court ruled on DEF's motion to dismiss the misrepresentation claim saying "the Court finds plaintiff has presented 'sufficient evidence' to create a jury question." Doc. 87, p. 29.<br><br>Discovery of the financial arrangements between Menard and DEFs are important here, since it | Plaintiff's Last Offered Compromise is not actually a compromise, but just a statement of what should have been Plaintiff's initial position.<br><br>Defendants would note that Plaintiff misstates the holding in *Fair v. Nash French Co.* In that case, the Court simply held that because the employer held a $500,000 workers' compensation insurance deductible, the | |

36

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| **Defendants' and Menards**<br><br>Plaintiff stipulates the Request excludes documents from individual claim files. | between Gallagher and Menards.  If so, Gallagher had no legal authority to handle Plaintiff's claim.  Further, a contract between Menards and Gallagher is likely to contain direct financial incentives for Gallagher to reduce Menard's claim payouts.<br><br>*O'Daniel v. Hartford Life Ins., Co.*, 2013 WL 164225, **4-12 (D.S.D. 2013) (contracts showing relationships between insurer and claim administrator relevant and discoverable to reveal agreements between defendant and other entities involved). | | There is no allegation that the claim was not paid due to cancellation of the insurance policy or that the workers' compensation insurance policy was cancelled based on retention limits, premiums, or loss experience.  The scope of requested information is not relevant and is so overbroad as to include other lines of insurance coverage and other policy periods.<br><br>Through this discovery dispute, Plaintiff is seeking to expand the scope of the question submitted in discovery.  Plaintiff's position on relevance exceeds the scope of the discovery question submitted. | now appears GB has no contract with Praetorian to administer claims, as required by SDCL 58-29D-4.<br><br>DEFs' response to document requests seeking the contract between Praetorian and GB say they "have not located a contract." Doc. 103-2, 4, Request 5-7, 9-11.<br><br>Further, Praetorian's Answer denies giving Gallagher permission to handle claims. Doc. 39, ¶¶ 6-10. GB's Answer denies it too, and in fact, GB's Answer even denies that it **handled** plaintiff's claim. Doc. 37, ¶¶ 6-10.<br><br>If GB's contract is with Menard, that means GB had no legal authority to administer claims as required by SDCL 58-29D-4.<br><br>TPAs can only act under the supervision of a licensed insurer. *Id.* Contracts directly between a TPA and the employer circumvent the law by turning supervision over to unlicensed and unregulated entities. See NAIC Report, *https://www.naic.org › prod_serv › WCD-OP-06.* See also *Fair v. Nash Finch Co.*, No. CIV. 11-5005-JLV, 2012 WL 13173043, at ** 12-15 (D.S.D. 2012) (arrangement between the | employer also owed a duty of good faith and fair dealing.<br><br>The relationship documents Plaintiff seeks has no relevance to whether or not the April 30, 2014 letter was a misrepresentation.<br><br>Defendants would further note that the prior ruling on summary judgment was based solely on a legal argument.  Defendants will shortly file a Motion for Summary Judgment based on the facts gathered through discovery to show that the remaining cause of action is not a viable cause of action.<br><br>Praetorian Insurance Company will provide the terms and exclusions of the workers' compensation insurance policy in place for named insured Menards on the Plaintiff's claimed date of loss. | |

Moving Party:   Plaintiff  Annie Tovares

304435415v1 1005347

| Discovery Request at Issue | Plaintiff asserts discovery is relevant to prove... | PLTF's Initial Position | Defendants' Initial Position | PLTF's Last Offered Compromise | Defendants' Last Offered Compromise | Court's Ruling |
|---|---|---|---|---|---|---|
| | | | | employer and TPA for payment of claims through a bank account owned by the TPA and funded by the employer violated South Dakota law).<br><br>When GB issued the check paying PLTF's medical expenses, the payor is listed as "Gallagher Bassett Services, Inc., for Prateorian Ins. Co." Doc. 103-26. That appears to have been another intentionally false statement.<br><br>These are not mere technicalities. Menard isn't an insurer, and is less likely to appreciate the special duties imposed on insurers. An insurance program run by unlicensed and unregulated entities with their own profit goals leads straight to the promise GB makes in Doc. 103-21, 3: "*we pride ourselves on marrying our performance to your goals.*" | | |

Plaintiff's Attorneys:        Mike Abourezk and Mike Simpson
Defendants' Attorneys:  Deanne C. Ayers

Date:  January 6, 2020.

38